JUDAH v. HOGAN, *Appellant.*

**Practice:** DISCRETION OF TRIAL COURT: RELIEVING PARTY AGAINST NEGLIGENCE OF HIS ATTORNEY. At the return term of this case defendant appeared in the trial court by his attorney, and obtained leave to answer within sixty days, during vacation. He instructed his attorney in all the details of his defense, but the latter left the State without filing the answer, and did not return. Discovering that no answer was filed, defendant employed another attorney, who, at the beginning of the next term and before any default had been taken, presented an answer embodying an apparently meritorious defense, and with it an affidavit setting forth the foregoing facts, and asked leave of the court to file the answer. This was refused, and the case was continued till the following term, when judgment was rendered against the defendant; *Held*, that although this court is reluctant to interfere with the discretion of trial courts in reliev-

Judah v. Hogan.

ing or refusing to relieve parties against the negligence of their attorneys, yet as the circumstances of this case indicated no want of good faith on the part of the defendant, and no inconvenience to the plaintiff was likely to arise from it, the leave should have been granted, and the refusal was error requiring the reversal ot the judgment.

*Appeal from Randolph Court of Common Pleas.*—HON. G. H. BURCKHARTT, Judge.

*Rouse & Hollis* for appellants.

In all the cases in which this court has held the negligence of the attorney to be the negligence of the client, it was after judgment had been entered and the damages assessed. *Field v. Matson*, 8 Mo. 686; *Kerby v. Chadwell*, 10 Mo. 393; *Stout v. Lewis*, 11 Mo. 438; *Ridgley v. Steamboat Reindeer*, 27 Mo. 442; *Gehrke v. Jod*, 59 Mo. 522.

*McCanne & Rutherford* for respondent.

The failure of an attorney to plead in a cause in proper time is negligence, and his negligence, if not satisfactorily excused, is the negligence of the client, and no excuse for failure. *Gehrke v. Jod*, 59 Mo. 522.

NAPTON, J.—The cases, in which this court has interfered with the discretion of the circuit court in relieving, or refusing to relieve a party against the negligence of his attorney, are very rare. Indeed, it may be confidently said that the rule is recognized in almost every volume of our Reports, that the negligence of the attorney is the negligence of the client. There are cases, however, in which this court has interposed, not to relieve against the consequences of negligence, but against the result of accidents which ordinary diligence would not be likely to prevent. The case of *Stout v. Lewis*, 11 Mo. 438, is a case of this sort. In that case a verdict and judgment had been rendered, and though the court, presiding at the trial,

refused to relieve the defendant who, along with his attorney, was accidently absent, yet this court interposed. Judge Scott's remarks in that case are, in my opinion, a satisfactory explanation of the general rule as well as of the exceptions to it.

In the present case the defendant, by his counsel, appeared at the return term and obtained leave to file an answer in vacation, within sixty days. The answer was not filed. At the beginning of the next term, the defendant asked leave to file his answer, accompanying his motion with an affidavit, that his counsel, at the former term, had been instructed by him in all the details of his defense, and that he supposed the answer had been filed in time, but his attorney left the State on a temporary visit, as he understood, but, on examination, he ascertained that the answer had not been filed, and he then employed other attorneys who filed the motion for leave—his former attorney having never returned. This motion was made before any judgment by default, and was accompanied with the answer proposed to be filed. The court overruled the motion, and then continued the case till next term. At that term, the third after the service, final judgment was rendered.

As was observed by Judge Scott in *Stout v. Lewis,* "justice ought to be administered in a manner satisfactory to suitors. An indiscriminate interference of this court with matters of pure discretion in the courts below would in the end be productive of more injustice than refusal to interfere in any case, but cases may arise in which this court will interfere. This is never done, however, without great reluctance, as it is obvious that, in matters of this kind the court possessing original jurisdiction enjoys advantages for determining them far superior to those enjoyed by this court." We confess ourselves unable to understand why the defendant in this case was not allowed to file his answer. It was offered before any judgment by default was taken; the failure to file it in vacation occur-

red under circumstances which indicated no want of good faith; no inconvenience to the adverse party was likely to result from any delay occasioned by it, and, in fact, after overruling the motion, the court continued the case until the next term. The answer set up a parol partition and possession and expenditures under it, which was apparently a meritorious or *bona fide* defense, however the facts might have been, or whatever might have been the opinion of the court in regard to the validity, had such facts been established. This is all we understand to be meant by a meritorious defense.

A great number of decisions have been made on this subject by this court, from its organization to the present day. Most of the old cases will be found referred to by Mr. Houck, in a note to the case of *Lecompte and Wife v. Wash*, 4 Mo. 557. It would be tedious to refer to all of them, but my impression is that, in every case where this court refused to interfere, there had been a judgment by default, or a verdict or assessment of damages. In *Field v. Matson*, 8 Mo. 686, there was a judgment by default, and at the term succeeding this, an assessment of damages before any leave to plead was asked. In *Kerby v. Chadwell*, (10 Mo. 393,) there was a judgment by default. In *Austin v. Nelson*, (11 Mo. 192,) there was a judgment by default. In the more recent case of *Gehrke v. Jod*, (59 Mo. 522,) there was a judgment by default and damages assessed. In *Tucker v. St. Louis Life Ins. Co.*, (63 Mo. 593,) a still later case, a judgment by default occurred before leave was asked to file an answer. The judgment will be reversed and the cause remanded. The other judges concur.

REVERSED.