**EVEREST REINSURANCE COMPANY, Respondent,**

**v.**

**Sharon KERR, Defendant,**

**David Kerr, Appellant.**

**No. WD 68417.**

Missouri Court of Appeals, Western District.

May 20, 2008.

Emily Wiggins Little, Columbia, MO, for respondent.

Keith Joseph Schieber, St. Joseph, MO, for appellant.

Before JOSEPH M. ELLIS, Presiding Judge, LISA WHITE HARDWICK, Judge and JOSEPH P. DANDURAND, Judge.

JOSEPH M. ELLIS, Judge.

David Kerr appeals from a default judgment entered against him in favor of Respondent Everest Reinsurance Company.

On February 5, 2007, Respondent filed a petition for conversion or, in the alternative, unjust enrichment against Appellant and his wife, Sharon Kerr,[1] in the Circuit Court of Holt County. The petition alleged that Mrs. Kerr came into possession of an allegedly counterfeit check drawn on Respondent's bank account. The check was made payable to Mrs. Kerr alone;

Appellant's name did not appear on the check. The petition further alleged that Mrs. Kerr knowingly and fraudulently deposited the check in an account in her name alone, that she thereafter withdrew the funds from that account, and that she and Appellant benefited from the funds.

At all times relevant to these proceedings, Appellant lived in Stafford, Texas, and Mrs. Kerr resided in Holt County, Missouri. Appellant was served at his residence on February 20, 2007. In response, Appellant sent a letter dated March 3, 2007, addressed to the Circuit Clerk of Division 1, which stated as follows:

RE: Case Number 07HO–CV00008

Subject: Answer to Petition

Dear [Circuit Clerk]:

This letter is in response to the Summons to appear in circuit court served upon me on February 20, 2007, regarding the referenced case number.

Because the petition attached to the Summons contained many false statements and false accusations, the plea from me in this matter is NOT GUILTY.

A like response has been sent to the Plaintiff's attorney as requested by the Summons.

The letter was file-stamped March 9, 2007, within thirty days from when Appellant was served,[2] and the docket sheet contains a corresponding entry of "Answer to Petition—David Kerr." On March 26, 2007, Respondent filed a motion for default judgment alleging that Appellant's letter was not sufficient to constitute an answer under Rules 55.01, 55.07, 55.09, and 55.11. The court set the motion for a hearing.

At the default hearing, Appellant and Mrs. Kerr both appeared *pro se* and Re-

---

1. Mrs. Kerr is not a party to this appeal.

2. Under Rule 55.25(a), a defendant must file an answer to the petition within thirty days after service.

spondent appeared by counsel. Appellant and Mrs. Kerr both made statements on the record, although it does not appear that they were ever placed under oath. Appellant argued that he was not in default because he answered the petition in accordance with the summons, explaining:

> [The summons] had no direction how it was to be answered, just to be answered. I learned later, well, there's rules. Well, I sought counsel in Texas and they were not able to help me on how to respond to this, but you have to respond to it. So I drafted a letter, signed it, sent it to the court, and a copy to the attorney, and gave a copy to my wife so she could sign it and send it in. As far as I'm concerned, we had answered that petition. So we were not in default.

Appellant later asked the court for leave to amend his answer if necessary, stating, "Your Honor, I know this is within your own discretion, but if that answer is not acceptable to the court I would like to submit that I would like to do a supplemental pleading in accordance with 55.33(d), delta." The court made no reply to this request.

Appellant also responded to the allegations in the petition at the default hearing. He stated that he had no knowledge of the transactions at issue other than what his wife told him. He explained that the check was given to Mrs. Kerr while he was in Texas and that she told him she contacted Respondent upon receipt of the check to ask about the validity of the check, Respondent indicated it was a "good check," and Mrs. Kerr deposited the check "thinking that it was a good check." Appellant argued that Respondent could not prove that he or Mrs. Kerr knowingly did

anything wrong concerning the check, especially since he was in Texas at the time and the check took five weeks to clear the bank. Appellant admitted that "they received the funds and [Mrs. Kerr] shouldn't have been entitled to them" but stated that he "can't admit to all the other stuff that is in this petition."

Mrs. Kerr then told the court that "everything that [Appellant] had said is true" and Appellant "did not have anything to do with this check," explaining that she and Appellant were separated when she received the check. Mrs. Kerr stated that she contacted Respondent and talked to Kevin Helewa when she received the check and that she told him she had received the check; gave him the amount, routing number, account number, and check number; and asked if Respondent was aware that she had received the check. She stated that Mr. Helewa said he was not aware of the check but that that was not unusual, so she asked if it was a "good check" and what she should "do with it," and Mr. Helewa told her to "[d]o whatever you want with it" and that she could deposit the check. She insisted that she did not know the check was counterfeit.

■ At the conclusion of the hearing, the court indicated that it would be entering judgment in favor of Respondent in the principal amount of $154,881.54. The court explained that Appellant would be included in the judgment because "the petition pleads that he received benefits of these funds and demand has been made from him and the funds were retained." The court subsequently entered a default judgment dated April 16, 2007, in favor of Respondent and against Appellant and Mrs. Kerr, jointly and severally, for $154,881.45 plus costs.[3]

---

3. The court entered its original judgment in favor of Respondent on April 16, 2007. Respondent subsequently filed a motion for judgment *nunc pro tunc* because that judg-

Appellant hired an attorney shortly thereafter and, on May 3, 2007, filed multiple motions, including a motion for leave to file an amended answer under Rule 55.33(a), a motion for new trial under Rule 78.01, and a motion to set aside the default judgment under Rule 74.05(d). In the motion for new trial, Appellant contended that the judgment was improper because a pleading denominated an "answer" had been filed and entered by the circuit clerk and no motion to strike had been filed. In the motion to set aside, Appellant asserted that he had a meritorious defense because the check was not made payable to him, he did not sign the check, the funds were not deposited into a joint checking account, and he had no involvement in creating or depositing the check. He argued that there was good cause to set aside the judgment because his conduct amounted to good faith mistakes and was not intentionally or recklessly designed to impede the judicial process. Appellant further asserted that, at a minimum, his actions in sending the letter and appearing at the hearing on the motion were attempts to "otherwise defend" against the petition and should preclude entry of a default judgment under Rule 74.05(a).

Respondent opposed the motions, arguing that Appellant's letter to the court failed to meet the pleading requirements for an answer and that Appellant failed to show good cause and a meritorious defense because his conduct in failing to hire an attorney amounted to recklessness and he did not dispute the allegation that he had received and benefited from a portion of the funds from the counterfeit check.

■ The court held a hearing on Appellant's motions on May 15, 2007; Appellant appeared in person and with counsel and Respondent appeared by counsel. Appellant did not testify, but his counsel introduced an affidavit signed by Appellant that recited the facts alleged in the motion to set aside the judgment to show good cause and a meritorious defense. In addition to the arguments set forth in the motions, Appellant's counsel argued that Appellant should not be liable under an unjust enrichment claim for the full amount of the judgment because he only received approximately $15,000 from his wife after the check had cleared. The court denied all of Appellant's motions and subsequently entered its judgment to that effect. This appeal follows.[4]

In his first point, Appellant contends that the trial court erred in granting a default judgment on the grounds that an answer had not been filed because he filed a sufficient answer within thirty days of being served. He relies on *Amon v. Bai-*

---

ment incorrectly stated that Appellant and Mrs. Kerr had failed to appear at the hearing and did not reflect the court's ruling on the counterclaim, *see infra* note 7. The court granted the motion and entered its judgment *nunc pro tunc* reflecting these items on May 15, 2007. "[N]unc pro tunc orders, which correct clerical errors in judgments, 'relate back to the original judgment and do not constitute a new judgment.'" *Rhodus v. McKinley*, 71 S.W.3d 191, 195 (Mo.App. W.D. 2002) (quoting *Pirtle v. Cook*, 956 S.W.2d 235, 241 (Mo. banc 1997)).

**4.** Appellant filed his notice of appeal a mere three days after the court entered its judg-

ment denying his motion to set aside the default judgment, which was before the judgment became final. "A judgment becomes final at the expiration of ninety days after filing an authorized post-trial motion or, if such motion is passed on at an earlier date, the later of: (1) thirty days after entry of the judgment; or (2) disposition of the motion." *Roberts Plaza II, LLC v. 4915 LLC*, 209 S.W.3d 535, 536 (Mo.App. E.D.2006) (citing *Rule 81.05(a)*). Although the notice of appeal was filed before the judgment was final and was, therefore, premature, it will be treated as filed after the judgment became final. *Rule 81.05(b)*.

*ley,* 13 S.W.3d 305 (Mo.App. E.D.2000), for the proposition that entry of a default judgment when there is an answer on file is improper and warrants setting aside the judgment. He further relies on *Taylor v. Taylor,* 742 S.W.2d 630 (Mo.App. E.D. 1988), and *Svejda v. Svejda,* 156 S.W.3d 837 (Mo.App. W.D.2005), in support of his contention that his letter to the court constituted a valid answer. Appellant challenges the court's denial of his motion to set aside the judgment in Point II, with the same arguments as before the trial court.

Respondent counters that the court did not err in entering the default judgment because Appellant's letter did not constitute a valid answer, attempting to distinguish *Taylor* and *Svejda.* Specifically, it argues that the letter is not in "technical compliance" with the rules and does not specifically respond to the issues raised in the petition. Alternatively, Respondent contends that, if Appellant's letter did constitute a valid answer, then the judgment was not a true default judgment but a judgment on the merits and Appellant fails to show that the judgment should be reversed on the merits, relying on *Svejda.* Concerning the motion to set aside, Respondent argues as it did before the trial court.

Rule 74.05(a) provides, in pertinent part, that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, upon proof of damages or entitlement to other relief, a judgment may be entered against the defaulting party." "Rule 74.05 relates to interlocutory orders of default or judgments of default for failure to file a responsive pleading," which "are defaults *nihil dicit.*" *Simpkins v. Ryder Freight Sys., Inc.,* 855 S.W.2d 416, 420 (Mo.App. W.D.1993).

A trial court's entry of a default judgment and subsequent denial of a motion to set aside must be reversed, regardless of whether the defendant shows good cause and a meritorious defense, if the defendant has filed a timely answer. *Amon,* 13 S.W.3d at 307. This is because, if the defendant "file[d] an answer in a timely fashion, the Rule 74.05(d) test for setting aside the default judgment is inapplicable, because the default judgment was improper in the first place." *Id.; accord Taylor,* 742 S.W.2d at 632 (reversing and remanding because "it was an error patent on the record to have granted the default" where a responsive pleading had been filed). Rule 74.05 "provides the procedure for setting aside a judgment that has been entered when a timely response to a petition has not been filed. It establishes a means for extricating a defendant from a judgment entered under those circumstances." *Faris v. Dewitt,* 947 S.W.2d 847, 851 (Mo.App. S.D.1997). "The procedural requirements of Rule 74.05(d) do not contemplate the circumstances" where a judgment is "improvidently entered" after a timely response to a petition has been filed. *Id.*

Respondent's reliance on *Svejda* for the proposition that the trial court's entry of a judgment after an allegedly valid answer was filed constitutes a judgment on the merits, not a default judgment, is misplaced. In *Svejda,* the husband filed a document purporting to be an answer but later failed to appear at trial although he had been notified of the trial date, and the trial court entered a "default" judgment in favor of his wife. 156 S.W.3d at 838. On appeal, this Court stated, "If [h]usband's *pro se* filing constituted a valid answer then his case is not a true default judgment (i.e., when a party fails to file responsive pleadings). A judgment taken after a defendant has filed pleadings

*but fails to appear at trial* is not a default judgment but a judgment on the merits." *Id.* at 839 (emphasis added); *accord Cramer v. Carver,* 125 S.W.3d 373, 376 (Mo.App. W.D.2004) ("[I]t is the failure to file a responsive pleading that causes a party to be in default, not the failure to appear at trial.").

In the case *sub judice,* Appellant did appear at all subsequent proceedings and, therefore, the case is factually distinguishable from *Svejda.*[5] More importantly, however, it is clear from the record that the only basis for the judgment and subsequent denial of the motion to set aside was the trial court's determination that Appellant's letter did not constitute a valid answer. At the default hearing, the court stated that "[w]e don't have a proper answer on file." At the subsequent hearing on the motion to set aside, the court stated that it "did find that that answer was so woefully inadequate that it in no way constituted any type of answer." The court then went on to declare, "That being the case, I'm going to overrule the rest of the motions on this." Later, the court reiterated that the judgment was against Appellant because "of Appellant's insufficient answer." Accordingly, it is beyond dispute that this is a true default judgment and not a judgment on the merits. Thus, under *Amon, Taylor,* and *Faris,* if Appellant's letter constituted a valid answer, then the default judgment must be vacated because it was improper, and we not need not address the parties' arguments concerning good cause and a meritorious defense.

Rule 55.02 provides that "[e]very pleading shall contain a caption setting forth the name of the court, the title of the civil action, the file number and a designation as [to what type of pleading it is]." Rule 55.03 requires that a pleading filed by a *pro se* party "shall be signed by the party." Rule 55.07 sets forth the form of denials that shall be contained in a responsive pleading and provides, in pertinent part, that "[d]enials shall fairly meet the substance of the averments denied" and "[a] party shall respond to all specific averments ... and shall not generally deny all the specific averments." Rule 55.04 states that "[e]ach averment of a pleading shall be simple, concise and direct. No technical forms of pleading or motions are required." Rule 55.24 provides that "[a]ll pleadings shall be so construed as to do substantial justice."

■ In *Taylor,* the court held that a *pro se* pleading was "sufficient to be in technical compliance with Rule 55" and constituted a valid answer even though it was "crude, nonprofessional and contain[ed] countless irrelevant facts." 742 S.W.2d at 631. In *Svejda,* a party filed a handwritten statement with the court that stated, "I agree to start this divorce, and to split everything we have acquired together equally, and to take our own belongings with us, also the joint custody of David Daniel Svejda." 156 S.W.3d at 838. This Court construed the statement as a valid answer even though it was "crude" and "nonprofessional" because it "responded to the issues of property division and child property" raised in the petition. *Id.* at 839.

As in *Taylor* and *Svejda,* Appellant's letter to the court was crude and nonprofessional. It was directed to the clerk of the proper division, referenced the proper case number, reflected the "subject" to be

**5.** The other circumstance under which a "default" judgment entered after an answer has been filed constitutes a judgment on the merits, not a true default judgment, is where the judgment is entered as a sanction for failing to respond to discovery requests. *See Simpkins,* 855 S.W.2d at 420.

"Answer to Petition" and stated that it was in response to the summons, was signed by Appellant, and was file-stamped by the clerk within thirty days of service. This is substantially in compliance with Rules 55.02 and 55.03.[6] The letter further stated that the petition "contained many false statements and accusations" and that Appellant's "plea ... in this matter is NOT GUILTY." Unlike the pleading in *Taylor*, this is certainly simple and concise as required by Rule 55.04, but it is essentially a general denial, which is insufficient under Rule 55.07. However, Appellant provided specific denials to the majority of the allegations in the petition at the default hearing, and he expressly requested to be allowed to amend his answer if the court found that the letter was insufficient. Rule 55.33(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Considering "the law's distaste for default judgments and its preference for trials on the merits," *Paskon v. Wright*, 230 S.W.3d 24, 28 (Mo.App. E.D.2007) (internal quotation omitted), the court should have allowed Appellant to amend his answer under these circumstances. Under Rule 55.33(c), the amendment would relate back to the date the letter was originally filed, so the answer would still be timely and Appellant would not be in default.

Accordingly, the trial court's entry of a default judgment against Appellant was erroneous, and the judgment must be vacated. Point I is granted.

As noted above, we need not address the arguments presented in Point II because the judgment itself was improper. It is also unnecessary to address Appellant's final point, in which he asserts that the trial court abused its discretion in denying his motion for leave to amend his counterclaim, because we are vacating the judgment in which the court dismissed the counterclaim.[7] In light of Rule 55.33(a)'s admonition that "leave shall be freely given when justice so requires," the court will likely wish to reconsider Appellant's motion upon remand.

The default judgment entered against Appellant is vacated,[8] and the case is remanded for further proceedings consistent with this opinion.

All concur.

**6.** Appellant provided much more information than the defendant in *Luster v. State*, 785 S.W.2d 103 (Mo.App. W.D.1990), where this Court held that a defendant had filed a proper motion for evidentiary hearing, *id.* at 105, even though the motion, which must comply with the same rules as pleadings, "contained no caption, no title and did not reference the case to which it referred" and "was not stamped filed by the court." *Id.* at 109 (Fenner, J., *dissenting*).

**7.** After receiving notice of the default hearing date, Appellant sent another letter to the Circuit Clerk, again referencing the proper case number but with the subject "Counterclaim,"

and setting forth certain alleged damages. Respondent filed a motion to dismiss the counterclaim for failure to state a claim, and the court took up the motion at the default hearing, with Appellant's consent. The court dismissed the counterclaim because it was not in proper form and did not make proper allegations, and this ruling was reflected in the default judgment. Appellant's counsel subsequently filed a motion for leave to amend the counterclaim, which the court denied.

**8.** Our ruling does not affect the default judgment as it relates to Mrs. Kerr.