**Deborah J. BEEMAN, Respondent,**

v.

**Patrick D. BEEMAN, Appellant.**

**No. WD 70558.**

Missouri Court of Appeals,
Western District.

Nov. 3, 2009.

Kathryn L. Beeman, Liberty, MO, for Appellant.

Sharon M. Westhoff, Harrisonville, MO, for Respondent.

Before Division III: THOMAS H. NEWTON, Chief Judge, and MARK D. PFEIFFER and KAREN KING MITCHELL, Judges.

MARK D. PFEIFFER, Judge.

Patrick Beeman (Patrick) appeals the trial court's order granting Deborah Beeman's (Deborah) motion to set aside its default judgment against her on Patrick's petition to terminate his child support obligations. In his sole point on appeal, Patrick claims that the trial court erred in granting Deborah's motion to set aside its default judgment because her motion failed to satisfy the requirements of Rule 74.05(d).[1] We affirm.

In November 2005, the trial court entered judgment dissolving Patrick's and Deborah's marriage. In its judgment, the trial court awarded Deborah custody of their unemancipated child and ordered Patrick to pay child support.

On August 22, 2008, Patrick filed a motion to terminate his child support obligations on the basis that their child was over the age of 18 and had quit high school. Deborah was served with a copy of the motion on August 28, 2008. On September 26, 2008, Deborah filed a *pro se* motion for additional time to file her response. The trial court never ruled on the motion. On October 14, 2008, the trial court entered a default judgment terminating Patrick's child support obligations.

On November 3, 2008, Deborah filed her answer to Patrick's motion. Deborah also filed a motion to set aside the default judgment on December 4, 2008. On December 11, 2008, the trial court held a hearing on her motion to set aside the default judgment. At the hearing, Deborah's counsel noted that Deborah had filed a motion for additional time to file a re-

sponse. The trial court stated that it had not seen that motion, but if it had seen the motion, it would not have entered the default judgment against Deborah. On January 2, 2009, the trial court entered an order granting Deborah's motion to set aside the default judgment. This appeal follows.

In his sole point on appeal, Patrick claims that the trial court erred in granting Deborah's motion to set aside its default judgment because her motion failed to satisfy the requirements of Rule 74.05(d). Specifically, Patrick claims that Deborah failed to satisfy the requirements of Rule 74.05(d) because she did not allege any facts in her motion establishing that she had good cause for failing to answer his petition.

Rule 74.05 governs the trial court's power to enter a default judgment and its power to set it aside. It says that:

(a) Entry of Default Judgment. When a party against whom a judgment for affirmative relief is sought has failed to plead or *otherwise defend* as provided by these rules, upon proof of damages or entitlement to other relief, a judgment may be entered against the defaulting party. The entry of an interlocutory order of default is not a condition precedent to the entry of a default judgment.

. . . .

(d) When Set Aside. *Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside.* The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. 'Good cause' includes a mistake or con-

---

**1.** All rule references are to Missouri Rules of Civil Procedure, 2009, unless otherwise indi-

cated.

duct that is not intentionally or recklessly designed to impede the judicial process. An order setting aside an interlocutory order of default or a default judgment may be conditioned on such terms as are just, including a requirement that the party in default pay reasonable attorney's fees and expenses incurred as a result of the default by the party who requested the default. *A motion filed under this Rule 74.05(d), even if filed within 30 days after judgment, is an independent action and not an authorized after-trial motion subject to Rule 78.04 or Rule 78.06.*

(Emphasis added.)

■ Pursuant to Rule 74.05(d), a party's motion to set aside the default judgment is an independent motion and the trial court's decision granting or denying that motion is an independent judgment. *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 687 (Mo. banc 2007). We review the trial court's decision to grant or deny a motion to set aside a default judgment under an abuse of discretion standard. *Id.* We will reverse the trial court's ruling under the abuse of discretion standard only when the ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable that it shocks our sense of justice and indicates to us that the trial court did not carefully consider the case. *Porath v. McVey*, 884 S.W.2d 692, 697 (Mo. App. S.D.1994). We, however, do not favor default judgments and prefer trials on the merits. *Dozier v. Dozier*, 222 S.W.3d 308, 311 (Mo.App. W.D.2007). Thus, we afford the trial court even greater discretion when it grants a motion to set aside the judgment. *Id.* We are more likely to reverse the trial court's judgment when it denies the motion to set aside a default judgment as opposed to when it grants it. *Id.*

■ Our distaste for default judgments is even stronger in dissolution cases involving child custody issues. *Id.* This is because, when child custody is concerned, our primary concern is the child's welfare. *Id.* Thus, because the adversarial process is stronger protection for the child's interest, we strongly disfavor default judgments in cases regarding the custody of a child. *Id.* at 311–12. We, therefore, apply the strict rules governing the setting aside of judgments less rigorously in cases of child custody. *Id.* at 311.

■ By its express terms, Rule 74.05(d) requires a motion to set aside a default judgment to state facts constituting both a meritorious defense and good cause. *Id.* Rule 74.05(d) states these two prerequisites in the conjunctive. *Id.* The trial court, therefore, can set aside a default judgment only if the party's motion alleges facts that establish both prerequisites. *Id.* Thus, even if the party's motion to set aside the default judgment states facts constituting a meritorious defense, if it does not also state facts constituting good cause, the trial court cannot grant the motion. *Id.*

The trial court, however, did not grant Deborah's motion to set aside its default judgment because it found that Deborah had good cause for failing to respond to the petition and that she had a meritorious defense to the action. Rather, a review of the trial court's hearing on Deborah's motion to set aside the default judgment shows that the trial court granted the motion because it found that Deborah had filed a *pro se* motion for additional time, which meant that she was never in default.

■ In that regard, it is well-established that Rule 74.05(d)'s prerequisites for a motion to set aside are inapplicable when the record shows that the defendant pleaded an answer to the petition or otherwise defended against the petition. Rule 74.05(a).

As this court noted in *Everest Reinsurance Co. v. Kerr*, 253 S.W.3d 100, 104 (Mo.App. W.D.2008) (citation omitted):

> Rule 74.05 "provides the procedure for setting aside a judgment that has been entered when a timely response to a petition has not been filed. It establishes a means for extricating a defendant from a judgment entered under those circumstances." "The procedural requirements of Rule 74.05(d) do not contemplate the circumstances" where a judgment is "improvidently entered" after a timely response to a petition has been filed.

Thus, when the record shows that the defendant filed an answer or otherwise defended against the petition within the applicable period, it is irrelevant whether or not the party's motion fails to allege facts showing good cause or a meritorious defense. *Id.* In this case, the parties agree that Deborah failed to file an answer within the applicable period. The parties, however, also agree that, within the applicable period, Deborah filed a motion for additional time to file her response. Thus, the only issue is whether or not Deborah otherwise defended against Patrick's motion by filing her motion for additional time.

> Failure to "otherwise defend" presumes the absence of some affirmative action on the part of a defendant which would operate as [a] bar to the satisfaction of the moving party's claim. In this context, it is generally held that challenges to matters such as service, venue and the sufficiency of the complaint preclude a default even if pursued in the absence of a responsive pleading. It is undisputed that a motion challenging a complaint for failure to state a claim upon which relief can be granted falls squarely within the ambit of the phrase "otherwise defend."

*First Sw. Fin. Servs. v. Laird*, 882 P.2d 1211, 1214 (Wyo.1994). A party can also "otherwise defend" against a petition or lawsuit by filing a motion for a more definitive statement or a motion to strike. *Morrow County Sch. Dist. No. 1 v. Oregon Land & Water Co.*, 78 Or.App. 296, 716 P.2d 766, 769 (1986).

Under this rule, we believe that Deborah otherwise defended against Patrick's motion by filing a motion for additional time. By filing her motion, Deborah took affirmative action to deny Patrick's claim. *See McKnight v. Webster*, 499 F.Supp. 420, 424 (E.D.Pa.1980) (court denied motion for default when record showed that other party had requested an extension to file an answer to the complaint). The trial court, therefore, was correct to conclude that Deborah had not defaulted.

In his statement of facts, Patrick concedes that Deborah filed this motion. He maintains, however, that her motion was defective because (1) it was not verified, and (2) Deborah failed to send him notice of the motion or request a hearing on the issue. Patrick claims that, since the motion was defective, it was void and the trial court could not consider it in determining whether or not Deborah responded to his motion. We disagree.

Patrick is correct that Deborah did not verify her motion. Patrick, however, points to nothing in the Missouri Rules of Civil Procedure that required her to verify the motion. And, in fact, Rule 55.03, which governs the signing of motions and petitions, requires only that the person who files the petition sign it and include his or her contact information:

> (a) Signature Required. *Every pleading, motion and other filing* shall be signed by at least one attorney of record in the attorney's individual name or, if the party is not represented by an attorney, *shall be signed by the party.*

An attorney who assists in the preparation of a pleading, motion, or other filing for an otherwise self-represented person is not required to sign the document. Every filing made electronically must add a certificate verifying that the original was signed by the attorney or party shown as the filer. The original signed filing must be maintained by the filer for a period of not less than the maximum allowable time to complete the appellate process.

*Each filing shall state the filer's address, Missouri bar number, if applicable, telephone number, facsimile number, and electronic mail address, if any.*

An unsigned filing or an electronic filing without the required certification shall be stricken unless the omission is corrected promptly after being called to the attention of the attorney or party filing same.

(Emphasis added.)

In this case, Deborah signed her motion and included her address. The record does show that, in violation of Rule 55.03, Deborah did not include her phone number in the motion. This is not fatal to Deborah's motion, however, because, by its express terms, Rule 55.03 says that the trial court shall strike the motion only if it is unsigned and then only if the party fails to promptly fix the error. Nothing in Rule 55.03 says that the trial court must strike a motion because the party fails to include her phone number in the motion.

Patrick is also correct that Deborah did not send him notice of the motion or request a hearing on it. Rule 43.01(a) required Deborah to serve Patrick a copy of the motion. This court, however, has previously held that a trial court cannot base its default judgment on a technical violation of Rule 43.01. *Amon v. Bailey*, 13 S.W.3d 305, 307 (Mo.App. E.D.2000). Given this rule, we also fail to see why a trial court could base its default judgment on the party's failure to set her motion for a hearing. The trial court, therefore, was correct to conclude that these technical violations of the rules did not prevent Deborah's *pro se* motion from acting as a responsive pleading for the purposes of Rule 74.05. The trial court was correct to grant Deborah's motion to set aside its default judgment.

We affirm the trial court's order.

THOMAS H. NEWTON, Chief Judge, and KAREN KING MITCHELL, Judge, concur.