

# In the Missouri Court of Appeals
# Eastern District
### DIVISON FOUR

| | | |
|---|---|---|
| MATTHEW G. O'NEILL, | ) | No. ED102038 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | |
| STEFANIE D. O'NEILL, | ) | Honorable Elizabeth B. Hogan |
| | ) | |
| Appellant. | ) | Filed: March 31, 2015 |

### *Introduction*

Stefanie O'Neill (Wife) appeals a judgment of the Circuit Court of the City of St. Louis denying her motion to set aside a default judgment dissolving her marriage to Matthew O'Neill (Husband), distributing property, ordering child support, and awarding the parties joint legal and physical custody of the parties' three minor children. We reverse and remand.

### *Factual and Procedural Background*

Wife and Husband married in October 1998. The parties had three children born during the marriage. Wife and Husband separated in December 2013, and Husband filed his petition for dissolution on January 28, 2014.

On March 3, 2014, Mother received a copy of the petition and a summons, which required Wife to "appear before this court and to file [her] pleading to the pleading . . . all within 30 days after receiving this summons . . . ." Wife did not file a responsive pleading. On April 9,

2014, Husband filed a notice of hearing on his petition for dissolution of marriage, setting it for hearing on May 1, 2014.

Wife and Husband appeared in court on May 1, 2014, and the trial court continued the case. The trial court entered the following order: "Cause continued to May 20, 2014 at 9:30 am to allow (Wife) opportunity to file responsive pleadings and/or hire an attorney."

Wife and Husband returned to court on May 20, 2014. At the start of the proceeding, the trial court announced that "the case was set for a default hearing" and that Wife had neither filed a responsive pleading nor hired an attorney. At this point, Wife interrupted, stating, "I have my pleading right here. . . . I thought I was supposed to bring it with me today. It's right here, the paper that I was given to fill out and have notarized." The trial court informed Wife that "[i]t was supposed to be filed before today," declared that "no responsive pleadings have been filed, despite the Court granting additional time to [Wife]," and proceeded to conduct a default hearing.

At the hearing, Husband testified to the allegations in his petition for dissolution of marriage and the contents of his Form 14 and proposed parenting plan and division of property.[1] After hearing Husband's evidence, the trial court granted the judgment of dissolution of marriage and incorporated by reference Husband's parenting plan, Form 14, and proposed division of property. The judgment awarded the parties joint legal and physical custody and provided Husband "shall have custody, visitation and residential time" Thursday evenings, every other weekend, and alternating holidays.

---

[1] After Husband testified, Wife again attempted to present her written answer, stating, "I just wanted to ask because I finally was able to at least speak with an attorney to look at this for me. They told me I could bring this to court today and present it to you."

2

Wife received a copy of the judgment on May 28, 2014 and, after retaining counsel, she filed a motion to set aside the judgment of dissolution of marriage on June 11, 2014. In her motion, Wife alleged that she had "good cause to set aside the judgment because she attempted to file an answer with the court to raise matters in this case that constitute a meritorious defense to the dissolution action. She was not able to retain an attorney until recently but has now retained an attorney." In addition, she alleged fifteen "meritorious defenses," including, inter alia: (1) Wife "appeared in court with her Answer to the Petition but she was not allowed to file it"; (2) the judgment ordered Wife to refinance the marital home in six months and she was 'not sure if she can" refinance within that period of time; (3) Wife never received documentation reflecting the value of Husband's pension at the time of marriage; (4) the judgment failed to include Husband's "other retirement plan at Prudential," 401(k), and joint bank account; (5) Husband's and Wife's incomes as provided in the Form 14 were incorrect; and (6) Husband had a drinking problem and a history of domestic violence.

On August 25, 2014, the trial court held a hearing on Wife's motion to set aside. Wife testified that she appeared in court on May 20, 2014 and brought with her a "respondent's answer" (Exhibit D). Wife explained that the clerk had given her the answer form and an attorney friend helped her complete it. In regard to her effort to file the answer, Wife stated: "I brought it to court with me and came over there and sat down. And when we began the proceedings, I said is this – don't I need to file my answers? And I was told it was too late to do so." Wife offered and the trial court admitted Wife's Exhibit D.

When Wife attempted to testify to the bases for her motion to set aside the judgment, Husband's counsel objected on relevancy grounds, asserting, "[t]he motion to set aside is purely a legal basis for which the Court could set this aside, not that she doesn't like the judgment."

The trial court sustained Husband's objections. As to her failure to respond to the petition, Wife explained: "The simple answer is I didn't know I was supposed to. I've never been divorced before. I don't know how the proceedings work. I mean, when I was told to appear, I thought I just needed to appear. . . ." In addition, Wife stated that she did not hire an attorney prior to the May 20, 2014 hearing because she was "[f]inancially . . . unable to."

Finally, Wife testified that she was requesting the court set aside the judgment because she was concerned about "[t]he children being allowed unsupervised visitation with [Husband]." Husband's counsel objected to Wife's testimony on grounds of relevancy, and the trial court ruled, "we are not going to get into what her concerns are. This is a motion to set aside." Wife then made an offer of proof as to Husband's history of domestic violence and her intent to request a guardian ad litem on May 20, 2014. After Wife's offer of proof, the trial court announced it would "keep its original ruling that the objection is sustained."

On September 16, 2014, the trial court entered its judgment denying Wife's motion to set aside. The judgment stated: "The court having reviewed the record, applicable relevant statutes and case law, and having made credibility determinations regarding the witness[,] finds Ms. O'Neill's testimony not to be credible in regards to her motion to set aside judgment. Motion denied." Wife appeals.

### Standard of Review

We review a trial court's decision to grant or deny a motion to set aside a default judgment for an abuse of discretion. Beeman v. Beeman, 296 S.W.3d 514, 517 (Mo.App.W.D. 2009) (citing Brungard v. Risky's Inc., 240 S.W.3d 685, 687 (Mo. banc 2007)). "We will reverse the trial court's ruling under the abuse of discretion standard only when the ruling is clearly against the logic of the circumstances and is so arbitrary and unreasonable that it shocks

4

our sense of justice and indicates to us that the trial court did not carefully consider the case." Id. "There is, however, 'a strong preference for deciding cases on the merits' and against resolving litigation by default." In re Marriage of Callahan, 277 S.W.3d 643, 644 (Mo. banc 2009) (quoting Brungard, 240 S.W.3d at 688). For this reason, "[a]n appellate court is much more likely to interfere with the trial court's decision when the motion to set aside the judgment has been denied." In re Marriage of Lewis, 375 S.W.3d 870, 872 (Mo.App.S.D. 2012). "Our distaste for default judgments is even stronger in dissolution cases involving child custody issues." Beeman, 296 S.W.3d at 517. See also Bell v. Bell, 849 S.W.2d 194, 198 (Mo.App.W.D. 1993).

### *Discussion*

In her point on appeal, Wife claims the trial court erred in denying her motion to set aside the default judgment pursuant to Rule 74.05. More specifically, Wife asserts that the trial court abused its discretion because: (1) Wife attempted to file an answer on May 20, 2014; (2) Wife alleged "several matters in her motion to set aside the dissolution judgment that constituted a meritorious defense"; (3) Wife pleaded sufficient facts to demonstrate good cause; and (4) the trial court refused to admit relevant evidence. Husband counters that the trial court did not err in denying Wife's motion to set aside the default judgment because Wife failed to demonstrate good cause and a meritorious defense.

As an initial matter, we address Husband's claim that Wife's point relied on violates Rule 84.04.[2] Rule 84.04 provides that an appellant must present points relied on that: "(A) identify

---

[2] Wife's point relied on states:

> The trial court erred and abused its discretion in not setting aside the dissolution judgment in this case because: 1) Wife attempted to file an answer on May 20, 2014 and the trial judge refused to accept it even though there was nothing in the court memo scheduling the court date on May 20, 2014 that said

5

the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(1). "A point addressing multiple issues or structured so that it groups together contentions not related to a single issue is not concise and violates Rule 84.04." Burbridge v. Union Pacific R. Co., 413 S.W.3d 649, 653 n.3 (Mo.App.E.D. 2013). Multifarious points relied on preserve nothing for review. Spradling v. Treasurer, 415 S.W.3d 126, 135 (Mo.App.S.D. 2013). "Nevertheless, this [c]ourt may exercise its discretion and attempt to resolve issues on their merits unless the defective point impedes disposition of the case on its merits." Id. (internal quotation omitted).

We agree with Husband's assertion that Wife's page-long point relied on groups together numerous allegations of trial court error and fails to state concisely the legal reasons for her claim. However, this court will generally, as a matter of discretion, review on the merits where disposition is not hampered by the rule violations, and we "generally refrain from dismissing appeals involving child custody on the basis of technical violations." In re A.R., 330 S.W.3d

---

the pleadings had to be filed in advance, 2) Wife set forth several matters in her motion to set aside the dissolution judgment that constituted a meritorious defense, including the fact that not all property was divided in the judgment, the income figures were wrong on the child support calculation, and that her husband had a drinking problem and had directed domestic violence to her and to the children so that a guardian ad litem should have been appointed, 3) Wife set forth sufficient bases to show good cause why the judgment should be set aside in that she did not understand that she was supposed to file an answer, she came to court when notified of a court date, she told the judge she did not have money to hire an attorney at that time, and the judge refused to accept the answer that she tried to file, 4) the judge abused her discretion by sustaining objections and refusing to receive into evidence documents and testimony that were relevant, including evidence of domestic violence that would require appointment of a guardian ad litem, and a tax return that showed the numbers used to calculate the income of the parties on the form 14 for child support were not correct.

858, 860 n.1 (Mo.App.W.D. 2011). Because we are able to ascertain the general principles of Wife's argument and Husband has been able to understand and respond to the issues raised in the point relied on, we will review her claim.

Rule 74.05(a) authorizes a trial court to enter a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by [Supreme Court] rules . . . ." Rule 74.05(a). Pursuant to Rule 74.05(d), a trial court may later set aside a default judgment "[u]pon motion stating facts constituting a meritorious defense and for good cause shown . . . ." Rule 74.05(d). However, "'[t]he procedural requirements of Rule 74.05(d) do not contemplate the circumstances' where a judgment is 'improvidently entered' after a timely response to a petition has been filed." Beeman, 296 S.W.3d at 518 (quoting Everest Reinsurance Co. v. Kerr, 253 S.W.3d 100, 104 (Mo.App.W.D. 2008)). Our courts have held that a trial court's entry of a default judgment and subsequent denial of a motion to set aside must be reversed, regardless of whether the defendant shows good cause and a meritorious defense, if the defendant filed a timely answer or otherwise defended against the action within the applicable time period. Id. See also Everest, 253 S.W.3d at 104.

In this case, the trial court granted Husband's motion for default judgment because "no responsive pleadings [had] been filed." The parties agree that Wife did not successfully file her answer on or before May 20, 2014. The parties also agree, however, that Wife appeared in court on May 20, 2014 with a copy of her answer and attempted to file it with the trial court. Thus, the question is whether Wife "otherwise defended" against Husband's petition by seeking to file an answer with the trial court on May 20, 2014.

"Failure to 'otherwise defend' presumes the absence of some affirmative action on the part of a defendant which would operate as a bar to the satisfaction of the moving party's claim."

7

Beeman, 296 S.W.3d at 518 (Mo.App.W.D. 2009). Based on our review of the record, we hold that Wife took "affirmative action" to defend against Husband's petition by appearing in court and presenting a written answer to the trial court. See e.g., id. Because she "otherwise defended" against Husband's petition for dissolution of marriage, Wife was not in default and the trial court's entry of default judgment was improper.

We further conclude that the trial court's refusal to accept Wife's written answer was arbitrary, unreasonable, and against the logic of the circumstances because Wife complied with the trial court's order continuing the cause "to May 20, 2014 at 9:30 am to allow (Wife) opportunity to file responsive pleadings and/or hire an attorney." Rule 43.02, which governs the filing of pleadings, provides that filings "shall be made by filing them with the clerk of the court, *except that a judge may permit the papers to be filed with the judge*, who shall note thereon the filing date and forthwith transmit them to the office of the clerk." Rule 43.02(b) (emphasis added). Furthermore, a pleading filed on the date that it is due is timely. Bank of Am., N.A. v. Duff, 422 S.W.3d 515, 519 (Mo.App.E.D. 2014). The record reveals that Wife sought to file her answer "with the judge" on the date it was due.

In 1878, the Supreme Court reversed a default judgment for the plaintiff that the trial court entered after it denied the defendant's motion for leave to file an answer. Judah v. Hogan, 67 Mo. 252, 254 (Mo. 1878). In that case, the trial court had granted the defendant a sixty-day continuance to file an answer, and the defendant failed to file within the sixty-day period. Id. The defendant subsequently filed a motion for leave to file an answer, as well as the answer he proposed to file, but the trial court denied the motion and later entered a default judgment. Id. In reversing the default judgment, the Court explained:

> We confess ourselves unable to understand why the defendant in this case was
> not allowed to file his answer. It was offered before any judgment by default

8

was taken; the failure to file it in vacation occurred under circumstances which indicated no want of good faith; [and] no inconvenience to the adverse party was likely to result from any delay occasioned by it . . . .

Id. at 254-55.

Like the Judah Court, "we are unable to understand why the defendant in this case was not allowed to file [her] answer." Id. at 254. Here, Wife appeared in court for the scheduled hearings, prepared a written answer with the help of an attorney friend, and attempted to file the answer on the date it was due. Less than three months had elapsed since Wife received service of Husband's petition and the trial court entered the default judgment. After the trial court entered the judgment, Wife promptly retained counsel and filed her motion to set aside. Most importantly, this case involved custody of the parties' children. "Liberality [in setting aside judgments of dissolution of marriage] should especially be applied when prompt action is taken in domestic cases." Bell, 849 S.W.2d at 198 (citing Ramage v. Ramage, 792 S.W.2d 432, 433 (Mo.App.S.D. 1990)).

"Considering the law's distaste for default judgments and its preference for trials on the merits," the court should have allowed Wife to file her answer under these circumstances. Everest, 253 S.W.3d at 106 (quotation omitted). We therefore conclude that the trial court abused its discretion in entering default judgment against Wife and refusing to set aside all portions of the judgment of dissolution, except that portion which dissolved the marriage. Point granted.

### *Conclusion*

"Since the default judgment should have been set aside, this court has the power to reverse the judgment of the trial court in its entirety." Bell, 849 S.W.2d at 199. However, such action would "restore the status of the parties in every respect to that which existed prior to the

9

judgment." Id. See also Ramage, 792 S.W.2d at 434. We gather that Wife sought to set aside those portions of the judgment of dissolution relating to custody, child support, and the division of property, but not the portion of the judgment dissolving the marriage. Therefore, the portion of the judgment that dissolved the marriage of Wife and Husband is affirmed, and all other portions of the judgment are set aside and the cause is remanded to the trial court.

Patricia L. Cohen, Presiding Judge

Roy L. Richter, J., and
Robert M. Clayton III., J., concur.

10