

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| JAMIE HEINECK, | ) | No. ED103557 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court of |
| | ) | St. Louis County |
| vs. | ) | |
| | ) | Honorable Colleen Dolan |
| DANIEL KATZ, | ) | |
| | ) | |
| Appellant. | ) | Filed: April 26, 2016 |

### Introduction

Daniel Katz (Appellant) appeals the default judgment of the Circuit Court of St. Louis County. The trial court ordered Appellant to pay Jamie Heineck (Respondent) damages in the amount of $12,000 for breach of contract. On appeal, Appellant argues that the trial court erred by granting Respondent's motion for default judgment because the trial court did not have personal jurisdiction over Appellant, and Appellant was never properly served with process. Additionally, Appellant argues that he was not required to file a motion to set aside the default judgment in order to confer jurisdiction upon this Court to hear the appeal. We vacate and remand.

**Factual Background**

In November 2013, Respondent filed suit against Appellant, alleging breach of an oral contract. Respondent alleged that, in July 2008, she entered into a contract with Appellant to wind up the business of Katz Mechanical Inc. in exchange for $60,000, paid in $1,000 monthly installments. Respondent claimed that Appellant stopped making $1,000 payments in September 2012. Respondent alleged that her acceptance of Appellant's offer "took place in the County of St. Louis, State of Missouri." Respondent sought money damages, court costs and attorney's fees.

Respondent attempted service on Appellant, first at an address in St. Charles County, Missouri. The process server was unable to serve Appellant at that address and attempted to serve Appellant at his parents' address. Appellant's father told the process server that Appellant no longer lived in the St. Louis area. Respondent then attempted to serve Appellant at an address in Zionsville, Indiana. Again, Respondent was unsuccessful. Respondent's third attempt was to serve Appellant at his parents' address in St. Louis County, Missouri. Appellant's father received the summons at the St. Louis County address.

In April 2015, after Appellant failed to file responsive pleadings, Respondent filed a motion for default judgment pursuant to Rule 74.05.[1] In her motion, Respondent requested that the trial court enter a judgment against Appellant in the amount of $12,000, as well as $5,000 in attorney's fees. Soon thereafter, Appellant filed his "Reply to Motion for Default Judgment" (hereinafter "reply"). In this reply, Appellant stated that he was appearing "specifically to object to the jurisdiction of this court[.]" Appellant argued that Respondent's petition failed to establish that the trial court had personal jurisdiction over Appellant because the petition: 1) did not state that Appellant was a resident of St. Louis County; 2) did not state that the cause of action arose

---

[1] All references to Rules are to Missouri Supreme Court Rules (2015).

out of a business transaction in Missouri; or 3) did not state that the cause of action arose out of a contract within Missouri. Furthermore, Appellant argued that Respondent's petition was insufficient because she failed to plead that Appellant was in the State of Missouri when he made the offer. Appellant also claimed that service of process was insufficient.[2]

On May 12, 2015, the trial court entered its order granting, in part, Respondent's motion for default judgment. The record does not reflect that the court ruled on Appellant's reply motion. On August 28, 2015, the court held an evidentiary hearing on damages. Respondent testified, and the court concluded that she was entitled to $12,000 in damages. The trial court also ordered Appellant to pay court costs. This appeal follows.

## Discussion

Appellant raises three points on appeal. First, Appellant argues that the trial court erred by entering a default judgment because Respondent's petition failed to establish personal jurisdiction over Appellant. Second, Appellant claims that the trial court erred by entering default judgment because Appellant was not properly served with process. Third, Appellant contends that he was not required to file a motion to set aside or vacate the default judgment because his "Reply to Motion for Default Judgment" raised his legal claims and, therefore, such a motion "would have been redundant."

---

[2] "[T]he title of a motion is not dispositive; rather, the contents of the motion must be considered." *Murray v. Murray*, 325 S.W.3d 543, 546 (Mo. App. E.D. 2010). Here, Appellant's "Reply to Motion for Default Judgment" was, in substance, an untimely motion pursuant to Rule 55.27(a), which provides:

> Every defense, in law or fact, to a claim in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:
> . . .
> (2) Lack of jurisdiction over the person,
> . . .
> (4) Insufficiency of process,
> (5) Insufficiency of service of process[. ]

Respondent counters that this Court does not have jurisdiction to hear this appeal because Appellant was required to file a motion to vacate or set aside the default judgment. Moreover, Respondent argues that Appellant waived his right to challenge sufficiency of service of process and that the trial court did, in fact, have personal jurisdiction over Appellant.

After reviewing the record and the procedural history of the case, we agree with Appellant that the trial court erred in granting default judgment. However, we do not reach the merits of Appellant's arguments. Here, granting a default judgment was simply inappropriate.

### *Default Judgment under Rule 74.05(a)*

In the present case, the trial court entered a default judgment against Appellant, after Appellant failed to file an answer. Pursuant to Rule 74.05(a), a trial court may enter default judgment against a defendant under the following circumstances:

> When a party against whom a judgment for affirmative relief is sought has *failed to plead or otherwise defend* as provided by these rules, upon proof of damages or entitlement to other relief, a judgment may be entered against the defaulting party. (Emphasis added).

Here, Appellant did not file a timely responsive pleading. However, Appellant did file his reply, raising the issues of personal jurisdiction and insufficient service of process, before the trial court entered default judgment. Rule 74.05(a) requires us to determine whether Appellant's reply amounts to Appellant otherwise defending the lawsuit. We conclude that it does.

Missouri courts have noted that Rule 74.05(d) "provides the procedure for setting aside a judgment that has been entered when a timely response to a petition has not been filed." *Everest Reinsurance Co. v. Kerr*, 253 S.W.3d 100, 104 (Mo. App. W.D. 2008). However, the Rule does not "contemplate the circumstances where a judgment is improvidently entered after a timely response to a petition has been filed" or the defendant "otherwise defended" the suit. *O'Neill v. O'Neill*, 460 S.W.3d 51, 57 (Mo. App. E.D. 2015). In order to "otherwise defend," the defendant

4

must take "some affirmative action . . . which would operate as a bar to the satisfaction of the moving party's claim." *Id.* at 57.

Our review of Missouri precedent reveals that most cases in which courts have determined that a party "otherwise defended" a lawsuit involve defendants who *timely* filed some document with the court. *See* Rule 55.25(a) (providing that "[a] defendant shall file an answer within thirty days after the service of the summons and petition. . .."). In *Kerr*, the defendant, within the time limits provided under Rule 55.25(a), filed a letter with the court clerk, stating he was "not guilty." 253 S.W.3d at 101. The Court, after considering the "crude and nonprofessional" nature of the letter, concluded that the trial court should have allowed the defendant to amend his answer because the defendant attempted to defend the lawsuit. *Id.* at 106. Accordingly, the Court concluded that the entry of default judgment against the defendant was error. *Id.*

In *Beeman v. Beeman*, the defendant filed a pro se motion for additional time to file her response, which the trial court neither granted nor denied. 296 S.W.3d 514, 516 (Mo. App. W.D. 2009). The trial court then entered a default judgment against the defendant. *Id.* The defendant filed a motion to set aside or vacate the judgment, which the trial court granted. *Id.* The plaintiff appealed. *Id.* The Court concluded that the trial court should not have entered the default judgment because the defendant "otherwise defended" the suit by filing a motion for additional time. *Id.* at 518. In so holding, the Court emphasized that the defendant took "affirmative action to deny [the plaintiff's] claim," and, therefore, the defendant did not default. *Id.*

In *O'Neill v. O'Neill*, this Court concluded that the defendant did not default when she sought to file her answer with the trial court at the dissolution hearing. 460 S.W.3d at 57. After receiving a copy of the petition and summons, the defendant did not file a responsive pleading.

5

*Id.* at 54. The defendant appeared at the first scheduled hearing on the petition for dissolution. *Id.* The trial court continued the case "to allow [the defendant] opportunity to file responsive pleadings and/or hire an attorney." *Id.* On the day of the second scheduled hearing, the defendant attempted to file her answer with the trial court; however, the court refused to accept the pleading and entered a default judgment against the defendant. *Id.* On appeal, this Court concluded that a default judgment under Rule 74.05(a) was improper because the defendant had "otherwise defended" by attempting to file her answer, in accordance with the trial court's order, at the second scheduled hearing. *Id.* at 57.

In the present case, Appellant presented the trial court with his reply before the trial court entered default judgment. In this reply, Appellant raised the issues of personal jurisdiction and insufficient service of process, albeit unartfully so, and both defenses "operate as a bar to the satisfaction of the moving party's claim." *O'Neill*, 460 S.W.3d at 57. We conclude that this filing fulfilled Appellant's duty to "otherwise defend" the lawsuit pursuant to Rule 74.05(a).[3]

### *Waiver*

Next, we must address whether Appellant waived the defenses of lack of personal jurisdiction and invalid service of process.[4] Unlike in *Kerr*, *Beeman*, and *O'Neill*, Appellant did not raise these defenses within the thirty day time limit provided by Rule 55.25(a). We conclude that, although his reply was untimely, Appellant did not waive these defenses.

In *Crouch v. Crouch*, the defendant was served with a petition for dissolution, but "filed neither a motion contesting the trial court's personal jurisdiction over him nor any other responsive pleading." 641 S.W.2d 86, 87 (Mo. banc 1982). Subsequently, the defendant filed a

---

[3] As noted in Footnote 2, *supra*, Appellant's reply was, in substance, a Rule 55.27(a)(2), (4) & (5) motion. The trial court implicitly overruled this motion. Accordingly, pursuant to Rule 55.25(c), the trial court should have permitted Appellant ten days after the court's denial of the motion to file responsive pleadings.
[4] Respondent raises this argument regarding service of process in his Point II.

motion to vacate the judgment, arguing that the trial court did not have personal jurisdiction over him. *Id.* The trial court denied the motion. *Id.* On appeal, the plaintiff argued that the defendant waived his right to contest personal jurisdiction by failing to appear at the dissolution proceeding. *Id.* at 90. Rule 55.27(g)(1)(A) provides that a defendant waives the defense of lack of personal jurisdiction "if it is neither made by motion under this Rule nor included in a responsive pleading." *Id.* After concluding that the trial court did not have personal jurisdiction over the defendant, the Court turned to whether the defendant waived the defense. *Id.* at 90. Invoking principles of due process, the Court concluded that the defendant did not waive the defense by failing to appear. *Id.* This is because "a defendant over whom the trial court could not otherwise constitutionally acquire jurisdiction does not waive the jurisdictional defense merely by his nonappearance." *Id.* The Court further reasoned:

> Were we to hold that [the defendant] waived the personal jurisdiction defense merely by failing to appear, it would produce the anomalous result that a defendant who has the right to ignore a judicial proceeding waives that right by asserting it. Nonappearance, therefore, cannot constitute waiver. Due process requires that, in the absence of minimum contacts to support personal jurisdiction, the rule effect a waiver of the jurisdictional defense only if the defendant has already appeared before the court and has neither timely raised nor otherwise waived jurisdiction.

*Id. See also Worley v. Worley*, 19 S.W.3d 127, 129 (Mo. banc 2000) (holding that a defendant did not waive her defense of insufficiency of process by failing to appear). In the context of a default judgment, the defendant can only waive a defense under Rule 55.27(g)(1)(A)—lack of personal jurisdiction—or Rule 55.27(g)(1)(B) —insufficiency of process— if he does "some overt act constituting a general appearance, by virtue of which the defendant submits himself . . . to the jurisdiction of the court." *Crouch*, 641 S.W.2d at 93.

Here, although Appellant did not raise the defenses of personal jurisdiction and invalid service of process in a timely response, due process mandates that Appellant did not waive these

7

defenses. *Crouch*, 641 S.W.2d at 93; *Worley*, 19 S.W.3d at 129. While his reply amounted to Appellant "otherwise defending" the suit, we cannot conclude that Appellant's reply was an "overt act" by which Appellant submitted himself to the jurisdiction of the trial court. Appellant's reply explicitly stated that he appeared "specifically to object to the jurisdiction of this court." Accordingly, Appellant did not waive the defenses by failing to appear or submitting himself to the jurisdiction of the court.

### *Failure to File a Motion to Vacate or Set Aside the Default Judgment*

We now turn to the question of whether this Court has jurisdiction to consider this appeal because Appellant has not filed a motion to vacate or set aside the default judgment with the trial court.[5] Respondent argues that because Appellant did not file a motion to set aside or vacate the default judgment, this Court does not have jurisdiction to hear the appeal. Appellant argues that filing a motion to set aside or vacate the default judgment "was not necessary to this appeal" because Appellant already challenged the court's jurisdiction in his reply to Respondent's motion for default judgment. Appellant argues that a motion to vacate or set aside the default judgment would have been redundant.

Generally, a default judgment is not appealable. *State ex rel. Nixon v. McGee*, 213 S.W.3d 730, 732 (Mo. App. W.D. 2007). In ordinary circumstances, a default judgment can only be appealed if the trial court previously heard a motion to set aside or vacate the judgment. *Barney v. Suggs*, 688 S.W.2d 356, 358 (Mo. banc 1985). This is because the trial court "cannot be said to have committed error when . . . the point of law was never taken into consideration, but was abandoned, by the acquiescence or default of the party who raised it." *Vonsmith v. Vonsmith*, 666 S.W.2d 424, 424 (Mo. banc 1984) (internal citation omitted). However, if a party "otherwise defended" a claim but did not appear at trial, we consider the judgment to be on the

---

[5] This issue is discussed in Appellant's Point III and Respondent's Point I.

8

merits. *Nixon*, 213 S.W.3d at 731 (citing *Cotleur v. Danziger*, 870 S.W.2d 234, 237 (Mo. banc 1994)).

Under the circumstances in which a defendant has filed an answer or otherwise defended, "the Rule 74.05(d) test for setting aside the default judgment is inapplicable, because the default judgment was improper in the first place." *Kerr*, 253 S.W.3d at 104. Rule 74.05(d) "establishes a means for extricating a defendant from a judgment entered" in situations where a defendant did not file a responsive pleading or otherwise defend. *Id.* However, "[t]he procedural requirements of Rule 74.05(d) do not contemplate the circumstances where a judgment is improvidently entered" after a defendant files a responsive pleading. *Id.* In cases where a defendant does defend the lawsuit, a trial court's entry of default judgment "must be reversed, regardless of whether the defendant shows good cause or a meritorious defense." *O'Neill*, 460 S.W.3d at 57.

The cases requiring a motion to vacate or set aside a default judgment are inapposite to the present case, because here, Appellant "otherwise defended" the suit by filing his reply. As a result, the trial court was presented with points of law, and the policy behind requiring a motion to vacate or set aside was not implicated. Because Appellant did defend the suit, a prerequisite for the entry of a default judgment did not exist. Therefore, the default judgment against Appellant was improvidently granted. Accordingly, the judgment of the trial court was on the merits, and Appellant was not required to file a motion to vacate or set aside in order for this Court to have jurisdiction to consider the appeal. Under these circumstances, we will not dismiss Appellant's appeal for lack of jurisdiction.

### Conclusion

We conclude that Appellant "otherwise defended" the suit, and, as a result, the trial court erred by entering the default judgment under Rule 74.05(a). Accordingly, the trial court's

9

default judgment is vacated. Additionally, because the record before us is insufficient to determine the merits of Appellant's claims, we remand the case to the trial court for a hearing on Appellant's raised defenses and further proceedings consistent with this opinion.

_____
Philip M. Hess, Presiding Judge

Gary M. Gaertner, Jr., J. and
Angela T. Quigless, J. concur.

10