**MBNA AMERICA BANK,**
**Plaintiff–Respondent,**

v.

**Leslie W. MONTGOMERY,**
**Defendant–Appellant.**

No. 28706.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 8, 2008.

Motion for Rehearing or Transfer to Supreme Court Denied Oct. 30, 2008.

Application for Transfer Denied Dec. 16, 2008.

Leslie W. Montgomery, pro se.

Mayer S. Klein, Frankel, Rubin, Bond, Dubin, Siegel & Klein, P.C., St. Louis, for respondent.

JOHN E. PARRISH, Judge.

This appeal is directed to a judgment that confirmed and registered an arbitration award in favor of MBNA America Bank (plaintiff) against Leslie W. Montgomery (defendant). The judgment was entered August 5, 2005. Defendant's appeal is not timely.[1] It is dismissed.

Plaintiff filed a pleading denominated "Motion and Application for Confirmation and Registration of Arbitration Award" in the Circuit Court of Barry County, Missouri, on September 29, 2004, directed to the arbitration award that is the subject of this appeal. On November 15, 2004, defendant filed a pleading entitled "Defendant's Motion to Dismiss Application to Confirm Arbitration Award, Vacate Arbitration Award and for Stay of Proceedings."

On August 5, 2005, the case was called for hearing in the circuit court. Plaintiff appeared by counsel. Defendant failed to appear. Defendant's pending motion was, in all respects, denied. Plaintiff's motion and application were granted. The following judgment was entered.

*JUDGMENT*

Cause called for hearing on Plaintiff's Motion For Judgment And Confirmation Of Arbitration Award on August 5, 2005. Plaintiff appears by counsel. Defendant appears not. Evidence is heard and submitted on the record to the Circuit Judge. Upon examination of the proofs, evidence, testimony, and pleadings adduced and being fully advised in the

---

1. Plaintiff filed a motion requesting, *inter alia,* this court to strike defendant's appellant's brief and dismiss his appeal. The motion to dismiss the appeal is granted. The remainder of the motion is moot.

premises, the Court hereby grants the Plaintiff's Motion For Judgment And Confirmation Of Arbitration Award. The aforesaid Arbitration Award is hereby confirmed and registered in this Court and is made a final personal judgment of this Court under the authority of Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9(FAA) and the Uniform Arbitration Act, RSMo 435.350435.470[sic] (UAA).

The principal sum of $24,800.91, plus interest after the original Award of $1,545.83, aggregating $26,346.74, including costs for obtaining the authenticated copy ...[2] Arbitration Forum Award, are assessed against the Defendant. Post judgment interest at the rate of ...[3] % per annum from the date of the judgment is awarded to the Plaintiff.

SO ORDERED[4]

/s/ Michael D. Garrett

JUDGE, DIVISION

An execution and garnishment was issued November 17, 2005, to U.S. Bank in St. Louis, Missouri, to "ATTACH ANY AND ALL ACCOUNTS OF DEFENDANT," after which defendant filed additional motions. On November 16, 2006, the trial judge conducted a hearing directed to defendant's motions. At the conclusion of the hearing, the trial judge signed a five-page writing entitled "JUDGMENT" that was filed that date. The document recited the procedural history of what had occurred in the case prior to its entry and, among other things, stated that "Defendant's Motions To Vacate Default Judgment and To Respond To Default Judgment are denied." The trial court's recitations include:

... Defendant has filed two pleadings with regard to the Judgment entered by this Court on August 5, 2005. In the first of these pleadings, Defendant asks the Court to vacate the aforesaid judgment. In the second of these pleadings, Defendant requests an opportunity "to respond to default judgment." The Court interprets this second pleading to be a request to file an answer out of time.

While Defendant has characterized the Court's August 5, 2005 Judgment as a "default judgment," the Court finds that said judgment is not a default judgment because Defendant did plead in response to Plaintiff's motion and application.... Defendant's three-part motion was filed on November 15, 2004. In addition, a hearing was conducted by the Court on August 5, 2005 before the entry of its judgment. Thus, the Court's judgment was not entered by default, but was based upon evidence presented at a hearing on the record. Therefore, any effort to vacate or set aside the aforesaid judgment is governed by Supreme Court Rule 75.01 rather than by Supreme Court Rule 74.05, which applies only to default judgments.

Supreme Court Rule 75.01 provides that a trial court retains control over its judgment for a *thirty-day period* after entry of judgment and may "vacate, reopen, correct, amend, or modify its judgment *within that time* " (emphases [sic] added). Here again, court records indicate that Defendant failed to act in a timely manner. Within thirty days after

---

2. Words in the copy of the judgment in the legal file are obliterated by the circuit clerk's certification of the judgment to the extent that they are unreadable.

3. *See* n. 2, *supra*.

4. The circuit clerk's certification appears on this part of the copy of the judgment. It appears to be a stamped certification. It extends into the text of the judgment.

the entry of the August 5, 2005 judgment, Defendant filed no motion asking the Court to vacate, reopen, correct, amend or modify its judgment. For this reason alone, Defendant's motion to vacate the Court's judgment must be denied.

Defendant filed a motion with this court on September 7, 2007, in which he requested leave "to file a late notice of appeal per Rule 81.07." The motion was directed to the "judgment on Case No. 39V010400597 in Barry County, Missouri." It undertook to appeal the November 16, 2006, document.

On September 11, 2007, this court granted defendant's request to file a late notice of appeal. The order provided that plaintiff was "permitted to file in the Circuit Court of Barry County, Missouri, within **thirty (30) days** from the date the Clerk of said Court receive[d] notification of the issuance of [the] special order, notice of appeal from the judgment entered in this cause by said Court." Defendant filed the notice of appeal that produced this appeal on October 10, 2007. It states that the appeal is "from the judgment/decree entered … on 11/16/2006 (date)."

Plaintiff correctly points out in its respondent's brief that the trial court's judgment entered August 5, 2005, is not a default judgment in that defendant had previously filed a pleading in response to plaintiff's motion and application for confirmation and registration of the arbitration award about which defendant complains. A judgment entered in a case in which a defendant has filed pleadings is not a default judgment, but is a judgment on the merits. *Everest Reinsurance Co. v. Kerr*, 253 S.W.3d 100, 104–05 (Mo.App. 2008). "[A] party who has filed a responsive pleading is not in default even upon failure to appear in court." *Shapiro v. Brown*, 979 S.W.2d 526, 528 (Mo.App.

1998). *See also, Wilson v. Wilson,* 925 S.W.2d 218, 219 (Mo.App.1996).

Rule 74.05 applies only to default judgments. The August 5, 2005, judgment was not a default judgment. Therefore, Rule 74.05 does not apply to this case. Rule 75.01 is the applicable rule.

Rule 75.01 states, as applicable to this case, "The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." "A judgment becomes final at the expiration of the thirty-day period." *State ex rel. Abdullah v. Roldan,* 207 S.W.3d 642, 645 (Mo.App.2006). After expiration of 30 days following August 5, 2005, the judgment entered that date became final. The trial court had no authority to take further action after the judgment was final. *Taylor v. United Parcel Service, Inc.,* 854 S.W.2d 390, 392 (Mo. banc 1993).

Defendant had ten days after the judgment was final to file a notice of appeal. Rule 81.04(a). He did not do so, nor was leave granted to file a late notice of appeal within six months from that date. *See* Rule 81.07(a).

The trial court's November 16, 2006, document that was erroneously denominated "JUDGMENT" is a nullity. The notice of appeal that was filed and directed to it is of no consequence. No timely appeal was taken from the judgment entered August 5, 2005. Defendant's appeal is dismissed.

LYNCH, C.J., and BURRELL, P.J., concur.