**STATE of Missouri, ex rel., Ada Brehe Krueger, Respondent,**

v.

**Jeffrey Grant GARTH, Appellant.**

**No. ED 91370.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 17, 2009.

Zachary W. Rennick, Washington, MO, for appellant.

Ada Brehe–Krueger, Hermann, MO, for respondent.

CLIFFORD H. AHRENS, Judge.

Jeffrey Garth appeals from the trial court's grant of a default judgment in favor of the State of Missouri that forfeited his interest in a parcel of real property, and ordered a judicial sale of that real property. A default judgment cannot be directly appealed. Accordingly, we dismiss the appeal.

The State filed a three-count civil petition for forfeiture against Garth on December 15, 2006. Garth was personally served process on January 8, 2007. On May 18, 2007, Garth pleaded guilty to possession with intent to distribute marijuana and in excess of fifty grams of metham-

phetamine in violation of 21 USC section 41(a)(1) and to criminal forfeiture in violation of 21 USC section 53(a) in the U.S. District Court for the Eastern District of Missouri. The State's civil action for forfeiture was continued several times until April 3, 2008, when the trial court held a hearing. Garth neither appeared in the trial court nor filed any motions or pleadings between January 8, 2007, and April 3, 2008, the date of the hearing. The State adduced evidence, introducing two exhibits and the testimony of Bobby Lee Kile. Kile testified concerning the execution of a search warrant for Garth's residence at 2705 Riverview Drive ("the Property") in Gasconade County, Missouri. At the State's request, the trial court took judicial notice of the circuit clerk's records that showed no liens on the Property. Exhibit 1 consisted of the assessment records of Gasconade County regarding the Property. Exhibit 2 was the certified convictions of Garth from the U.S. District Court for the Eastern District of Missouri. Both exhibits were accepted into evidence. The State dismissed two of the three counts of its civil petition for forfeiture as moot.

The trial court entered a judgment of default on April 14, 2008. The trial court ordered the interest of Garth in the Property to be forfeited pursuant to state law, and ordered the judicial sale of the Property. Garth filed a notice of appeal on May 5, 2008. Counsel for Garth filed a motion for reconsideration and/or a new trial on May 13, 2008. The motion reads as follows:

> **COMES NOW** Respondent, Jeffrey Grant Garth, by and through counsel, ..., and does hereby respectfully request that this Honorable Court reconsider its Order entered on April 14, 2008. As grounds thereof, Respondent states that the Court's Order is against the weight of the evidence and is contrary to Missouri Law.

> **WHEREFORE,** Respondent prays for the relief requested herein and for such other and further relief as is just and proper[ ] under the circumstances.

The trial court denied this motion on May 19, 2008. Garth did not file a motion to set aside the default judgment. Garth now appeals.

■ In his sole point relied on, Garth contends that the trial court erred in entering judgment of forfeiture of the Property pursuant to Missouri's Criminal Activities Forfeiture Act, section 513.600 et seq. RSMo 2000, because the State failed to meet its burden of proving all the allegations in its petition for forfeiture.

■ Although Garth does not directly raise the issue, there is some question as to how the judgment in this case ought to be characterized. Garth implicitly characterizes the judgment as a judgment on the merits. The State asserts that it is a default judgment. "[A] default judgment occurs when a party has failed to answer a pleading or otherwise defend." *State ex rel. Nixon v. McGee,* 213 S.W.3d 730, 731 (Mo.App.2007) (*citing* Rule 74.05(a); *Cotleur v. Danziger,* 870 S.W.2d 234, 237 (Mo. banc 1994)). If the party answered the pleadings or otherwise defended against the pleadings but did not appear at trial, the judgment was on the merits. *Id.* (*citing Cotleur,* 870 S.W.2d at 237). In the present case, Garth did not file an answer or otherwise respond or appear at trial. Thus, the judgment is considered a default judgment.

■ Under Rule 74.05(d), a default judgment may be set aside if a motion to set aside alleges that the defaulting party has a meritorious defense and shows good cause, and the motion is made within a reasonable time not to exceed one year. Good cause may be shown where there is .

mistake or the conduct causing the default was "not intentionally or recklessly designed to impede the judicial process." Rule 74.05(d). Garth did not submit a motion to set aside. His motion for reconsideration or in the alternative for a new trial, even if read liberally, is not a motion to set aside the default judgment. It raises a bare allegation that the judgment is against the weight of the evidence, but does not set forth a meritorious defense or show good cause. In addition, a motion to set aside a default judgment does not prove itself; it must be supported by affidavits or sworn testimony. *Gorzel v. Orlamander*, 352 S.W.2d 675, 678 (Mo.1961); *In re Marriage of Callahan v. Callahan*, 277 S.W.3d 643 (Mo. banc 2009). A defendant is not entitled to have a default judgment set aside if the motion to set aside the default judgment lacks facts that are relevant and material to show good cause and a meritorious defense. *Jew v. Home Depot USA, Inc.*, 126 S.W.3d 394, 396 (Mo. App.2004). The record before this Court does not contain affidavits or sworn testimony to support a motion to set aside, although apparently there was a hearing on Garth's motion for reconsideration and/or a new trial, but not on the record. An appellant has the burden of providing a record on appeal that allows for meaningful appellate review. Rule 81.12; *City of Plattsburg v. Davison*, 176 S.W.3d 164, 169 (Mo.App.2005). Further, a motion to set aside a default judgment is an independent action, and is not the same as a motion for a new trial even if filed within thirty days of the default judgment. See Rule 74.05(d).

 A default judgment is not appealable, save to challenge the court's subject matter jurisdiction or the sufficiency of the plaintiff's petition. *McGee*, 213 S.W.3d at 732. Garth does neither. Accordingly, this appeal is dismissed.[1]

ROBERT G. DOWD, JR. and SHERRI B. SULLIVAN, JJ., concur.

---

1. We note that Garth may still file a proper motion to set aside a default judgment under Rule 74.05(d), provided that he does so "within a reasonable time not to exceed one year after entry of the default judgment." The trial court entered the default judgment in this case on April 14, 2008.