**CAPITAL ONE BANK
USA, Respondent,**

v.

**Kamran R. KHAN, Appellant.**

No. ED 96546.

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 28, 2012.

Kamran Khan, St. Louis, MO, Appellant pro se.

Gamache & Myers, Donald A. Horowitz, Crestwood, MO, for Respondent.

ROY L. RICHTER, Judge.

Kamran Khan ("Defendant") appeals the trial court's order denying his motion to set aside the default judgment entered against him in and in favor of Capital One Bank USA ("Plaintiff"). We dismiss the appeal.

## I. BACKGROUND

On May 4, 2010, Plaintiff brought suit against Defendant in order to collect on the outstanding balance on Defendant's Capital One credit card. A default judgment was entered against Defendant on July 19, 2010, but later was set aside following Defendant's claim of clerical errors pursuant to Rule 74.06. On August 27, 2010, Defendant timely filed an answer and counterclaim against Plaintiff. Following multiple continuance motions by both sides, on November 24, 2010, Plaintiff filed its motion to dismiss Defendant's counterclaims for failure to state a claim. On January 10, 2011, the trial court granted Plaintiff's motion to dismiss as to Count II of Defendant's counterclaim, but granted leave for Defendant to file an amended counterclaim as to Count I.

Moving forward, Defendant made the decision to proceed with the case *pro se.* Therefore, at a scheduled hearing on February 7, 2011, Defendant's counsel ("Counsel") filed a motion to continue so as to give Defendant time to prepare his own case. The motion was denied. Defendant's counsel then filed a motion to withdraw, stating she had duly informed Defendant that his failure to appear that day, following Counsel's withdrawal, would result in judgment being entered against him. The motion to withdraw was granted

and, despite Counsel's admonition, Defendant did not appear.[1]

In the same hearing, the trial court granted Plaintiff's motion to dismiss Defendant's amended counterclaim and entered what was denominated a "judgment in default" for Plaintiff and against Defendant. The judgment stated that, following defendant's failure to appear, the "cause ... [was] submitted to the court upon the pleadings and evidence" and Plaintiff was entitled to a default judgment. The trial court ordered Defendant to pay Plaintiff $13,326.76 in principal and $2,470.14 in interest, for a total of $15,796.90 plus court costs.

On February 16, 2011, Defendant filed both a motion to set aside the February 7, 2011, judgment under Rule 74.05(d) and a motion for leave to file an amended counterclaim. In its order dated March 14, 2011, the trial court denied both motions. This appeal follows.

## II. DISCUSSION

In Defendant's first point on appeal, he argues the trial court erred in denying his motion to set aside the default judgment without an evidentiary hearing because he sufficiently met the pleading requirements of Rule 74.05(d) and stated facts constituting a "meritorious defense" and "good cause" for why the default judgment should be set aside. We disagree.

We will afford considerable deference to a trial court's decision to set aside a default judgment because of the public policy favoring the resolution of cases on the merits and the "distaste our system holds for default judgments." *Brungard v. Risky's Inc.*, 240 S.W.3d 685, 686 (Mo. banc 2007) (quoting *Cont'l Basketball*

*Ass'n v. Harrisburg Prof'l Sports Inc.*, 947 S.W.2d 471, 473 (Mo.App.W.D.1997)). While our review is limited to determining whether the trial court abused its discretion, broader discretion will be afforded to those decisions granting motions to set aside a default judgment, and narrower discretion to those decisions denying such motions. *Id.* at 687.

The trial court's power to both enter a default judgment, and later set it aside, is guided by Rule 74.05. It provides, in pertinent part:

(a) Entry of Default Judgment. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, upon proof of damages or entitlement to other relief, a judgment may be entered against the defaulting party. The entry of an interlocutory order of default is not a condition precedent to the entry of a default judgment.

. . . .

(d) When Set Aside. Upon motion stating facts constituting a meritorious defense and for good cause shown, an interlocutory order of default or a default judgment may be set aside. The motion shall be made within a reasonable time not to exceed one year after the entry of the default judgment. "Good cause" includes a mistake or conduct that is not intentionally or recklessly designed to impede the judicial process.... A motion filed under this Rule 74.05(d), even if filed within 30 days after judgment, is an independent action and not an authorized after-trial motion subject to Rule 78.04 or Rule 78.06.

At the outset, prior to analyzing the merits of Defendant's claim under Rule 74.05, we

---

1. The record is unclear as to the precise reason for Defendant's absence. Defendant simply maintains that he was "out of town."

must first determine whether the trial court's judgment, although denominated a "judgment in default," was truly a default judgment. Upon our review of the record, we find it was not.

Rule 74.05 is applicable only to default judgments. *MBNA Am. Bank v. Montgomery*, 269 S.W.3d 536, 539 (Mo.App. S.D.2008). Following the proper entry of a default judgment, a defendant may look to Rule 74.05(d) for the procedure to set aside such judgment. *Beeman v. Beeman*, 296 S.W.3d 514, 518 (Mo.App. W.D.2009). A default judgment occurs, and its entry is considered proper, when a party has failed to answer a pleading or otherwise defend. Rule 74.05(a); *State v. Garth*, 278 S.W.3d 238, 240 (Mo.App. E.D.2009). Rule 74.05(d), however, does not apply when a judgment has been "improvidently entered" after a timely response to a petition has been filed. *Id.* In that instance, when a party has filed a responsive pleading, the judgment entered in the case is a judgment on the merits, not a default judgment. *Lindsey v. Lindsey*, 336 S.W.3d 487, 492 (Mo.App. E.D.2011); *Everest Reinsurance Co. v. Kerr*, 253 S.W.3d 100, 104 (Mo.App. W.D.2008).

Here, Defendant filed multiple responsive pleadings in the months preceding the trial court's entry of judgment on February 7, 2011. Hence, the February 7 judgment was actually a judgment on the merits. *Lindsey*, 336 S.W.3d at 492 (citing *Cotleur v. Danziger*, 870 S.W.2d 234, 237 (Mo. banc 1994)). As a result, Defendant's Rule 74.05(d) motion to set aside the default judgment presented nothing for the

trial court to rule upon such that its order denying the motion was a nullity.[2] *Id.*; *Cramer v. Carver*, 125 S.W.3d 373, 376 (Mo.App. W.D.2004). *But cf. Amon v. Bailey*, 13 S.W.3d 305, 307–08 (Mo.App. E.D.2000) (setting aside default judgment because trial court explicitly indicated that default judgment was entered due to defendant's failure to file an answer, when an answer had in fact been timely filed).

Due to the inapplicability of Rule 74.05 to this case, we turn to Rule 75.01, which governs all civil judgments. Rule 75.01 states, "The trial court retains control over judgment during the thirty-day period after entry of judgment and may . . . for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." After that thirty-day period the judgment becomes final. *MBNA America Bank*, 269 S.W.3d at 539.

Following the judgment becoming final, Defendant had ten days to file his notice of appeal. Rule 81.04(a). In this case, the judgment became final on March 8, 2011, and Defendant did not file his notice of appeal until March 22, 2011. The trial court's March 14, 2011 order is a nullity and did not extend the time for the filing of Defendant's notice of appeal. *See MBNA America Bank*, 269 S.W.3d at 539; Rule 74.05(d) ("a motion filed under this Rule . . . is an independent action and not an authorized after-trial motion subject to Rule 78.04 or Rule 78.06"). As such, no timely appeal was taken from the judgment entered on February 7, 2011. Defendant's appeal is dismissed.[3]

---

**2.** By deeming the trial court's March 14, 2011 order a nullity, we need not address the order's insufficiency as an appealable judgment. *See* Rule 74.01 ("A judgment is entered when a writing signed by the judge and denominated a 'judgment' or 'decree' is filed."); *Brungard*, 240 S.W.3d at 687 (stating that a motion to set aside a default judgment is an

independent action and, thus, subject to the requirements of Rule 74.01).

**3.** Because our consideration of Defendant's point one is dispositive of the appeal, we need not address Defendant's second point, in which he alleges for the first time on appeal a due process violation.

## III. CONCLUSION

The appeal is dismissed.

CLIFFORD H. AHRENS, P.J., and GARY M. GAERTNER, JR., J., concur.