Kenneth MOSBY, et al., Respondents,

v.

Brenda K. WEST–ANDERSON,
Appellant.

No. WD 73223.

Missouri Court of Appeals,
Western District.

March 13, 2012.

Brenda K. West–Anderson, Phoenix, AZ, Appellant, pro se.

Kenneth Mosby, et al., Kansas City, MO, Respondents, pro se.

Before Division One: CYNTHIA L. MARTIN, Presiding Judge, and THOMAS H. NEWTON and KAREN KING MITCHELL, Judges.

KAREN KING MITCHELL, Judge.

Respondents, Kenneth Mosby, et al. (Mosby), filed an action to quiet title to certain property in Jackson County, Missouri, with Appellant, Brenda West–Anderson, as one of the named defendants. West–Anderson had the case removed to federal court, but it was later remanded back to Jackson County Circuit Court. Following remand, the trial court entered a default judgment in favor of Mosby. West–Anderson appealed, arguing that the default judgment was entered in error. We reverse and remand.

## Factual Background

In February of 2007, Mosby filed a petition to quiet title to real property located at 4041 Wabash in Kansas City, Missouri, against West–Anderson and others. West–Anderson, acting pro se, filed an answer to the petition, asserting various affirmative defenses. Thereafter, Mosby filed an amended petition (first amended petition). Although West–Anderson initially objected to the first amended petition, she later filed an answer and affirmative defenses to the first amended petition.

In October of 2007, West–Anderson removed the case to federal court on the basis of diversity jurisdiction. West–Anderson then argued that the case should be dismissed for failure to join a necessary party: the Gospel Temple Church of God in Christ, Inc., a religious entity occupying the property at issue. Mosby apparently conceded that the church was a necessary party, and the federal court issued an order requiring the Gospel Temple Church of God in Christ, Inc., to be added as a party. On May 14, 2009, Mosby filed an amended complaint in federal court (federal complaint), adding the Gospel Temple Church of God in Christ, Inc., as a party. It appears that West–Anderson did not file an answer to the federal complaint. In October of 2009, the case was remanded back to state court because the addition of the Gospel Temple Church of God in Christ, a Missouri corporation, destroyed the court's diversity jurisdiction.

Following remand, the circuit court held a status hearing that West–Anderson refused to attend, wherein the court noted that West–Anderson had been served with, but had not answered or otherwise responded to an "amended complaint."[1]

---

[1]. Because West–Anderson had answered both of the petitions filed in state court, we assume the trial court was referring to the federal complaint. In addition, the Default Judgment lists Gospel Temple Church of God in Christ as a defendant. As the church was first added in the federal complaint, this supports the

Mosby filed a motion for default judgment, and the court set a hearing on the motion for July 30, 2010. West–Anderson filed a variety of motions and notices before the hearing, but she did not appear at the hearing.

On August 31, 2010, the court entered a default judgment against West–Anderson, awarding $10,000 in actual damages and $30,000 in punitive damages to Mosby. On November 29, 2010, West–Anderson filed a motion seeking to set aside the default judgment, arguing that she had answered and otherwise pled.[2] The motion was overruled.[3] With leave of this court, West–Anderson filed a late notice of appeal from the default judgment.

## Analysis

■ West–Anderson raises six points on appeal. Finding her fifth point dispositive, we need not address the remaining claims. West–Anderson's fifth point on appeal argues that the trial court improperly entered a default judgment because she had answered or otherwise pled. We agree.[4]

Rule 55.33(a) mandates that "[a] party *shall* plead in response to an amended pleading ... within ten days after service of the amended pleading ..."[5] (emphasis added). Rule 74.05(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, upon proof of damages or entitlement to other relief, a judgment may be entered against the defaulting party."

The trial court entered the default judgment because West–Anderson "failed to appear" and "failed to answer or otherwise plead within the time provided by law." For the reasons explained below, the trial court's judgment was erroneous.

### A. The requirements of Rule 74.05(d) do not apply.

■ The appellate courts "do not favor default judgments and prefer trials on the merits." *Beeman v. Beeman,* 296 S.W.3d 514, 517 (Mo.App. W.D.2009). Thus, "[w]e are more likely to reverse the trial court's judgment when it denies the motion to set aside a default judgment as opposed to when it grants it." *Id.*[6]

conclusion that the circuit court was relying on the federal complaint.

2. Although the motion was captioned "Targeted Defendant, Brenda West–Anderson's *Objection, Defense & Response* to 'August 31, 2010—Default Judgment Entered by Judge Catherine Ann Mesle—JACOMO Division # 7, Captured from the Jackson County Missouri Recorder of Deeds Records on 11/25/2010 Due to No Service by the Court; & Notice of Intent to Seek Order from Missouri Court of Appeals to File Appeal Out-of-Time,'" the body of the motion did state that default was improperly granted, attempted to incorporate by reference into the motion previously filed answers, and asked that the default judgment be set aside.

3. Although the court did not enter an order or judgment overruling the motion, it is deemed overruled by Rule 78.06.

4. Respondents did not file a brief. "While there is no penalty for that omission, it requires this court to adjudicate Appellant's

claims of error without the benefit of whatever argument, if any, Respondents could have made in response." *Estate of Klaas v. Brown,* 8 S.W.3d 906, 908 (Mo.App. S.D.2000).

5. Under the federal rules, "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." FED.R.CIV.P. 15(a)(3).

6. Although West–Anderson filed what might be considered a motion to set aside the default judgment, she appealed from the default judgment itself, rather than the denial of her motion to set aside. Normally, "[a] default judgment is not appealable, save to challenge the court's subject matter jurisdiction or the sufficiency of the plaintiff's petition." *State ex rel. Krueger v. Garth,* 278 S.W.3d 238, 241 (Mo.App. E.D.2009). Instead, "[a]ppeal properly lies from the court's denial of a motion to set aside a default judgment [under Rule 74.05(d)]." *Kuhlman v. Arnold,* 154 S.W.3d

"By its express terms, Rule 74.05(d) requires a motion to set aside a default judgment to state facts constituting both a meritorious defense and good cause." *Id.*; Rule 74.05(d). "Rule 74.05(d) states these two prerequisites in the conjunctive." *Beeman*, 296 S.W.3d at 517. Generally, "[t]he trial court, therefore, can set aside a default judgment only if the party's motion alleges facts that establish both prerequisites." *Id.* "Thus, even if the party's motion to set aside the default judgment states facts constituting a meritorious defense, if it does not also state facts constituting good cause, the trial court cannot grant the motion." *Id.*

Here, West–Anderson's motion did not meet the standard required by Rule 74.05(d). But it did not have to because the default judgment itself was improperly entered. "A trial court's entry of a default judgment and subsequent denial of a motion to set aside must be reversed, regardless of whether the defendant shows good cause and a meritorious defense, if the defendant has filed a timely answer." *Everest Reinsurance Co. v. Kerr*, 253 S.W.3d 100, 104 (Mo.App. W.D. 2008). "[I]f the defendant 'filed an answer in a timely fashion, the Rule 74.05(d) test for setting aside the default judgment is inapplicable because the default judgment was improper in the first place.'" *Id.* (quoting *Amon v. Bailey*, 13 S.W.3d 305,

307 (Mo.App. E.D.2000)). And here, West–Anderson filed a timely answer in state court every time one was required.

**B. No answer to the federal complaint was required in state court.**

The trial court entered the default judgment on the ground that West–Anderson failed to file a responsive pleading or otherwise defend. West–Anderson filed responsive pleadings to both the original and first amended petitions filed in Jackson County. The only pleading to which she apparently did not respond was the federal complaint. We presume that this failure was the basis for the trial court's judgment, because that is the only reasonable conclusion based on the record before us, including the docket sheet.[7]

We find that it was error to enter a default judgment based on the failure to file a responsive pleading to the federal complaint because the federal complaint was not part of the state court file.

Rule 55.34(b) requires that if a case is remanded to a court of this state following removal to a federal court, "[w]ithin thirty days after the date of the order of remand, the plaintiff shall file a list of all documents filed in the federal court that are to be made a part of the state court file and shall provide a copy of each such document to the court." The record does not reflect that Mosby complied with this requirement.[8] Thus, the federal complaint did

---

430, 431 (Mo.App. W.D.2005). But " '[t]he procedural requirements of Rule 74.05(d) do not contemplate the circumstances' where a judgment is 'improvidently entered' after a timely response to a petition has been filed." *Everest Reinsurance Corp. v. Kerr*, 253 S.W.3d 100, 104 (Mo.App. W.D.2008) (quoting *Faris v. Dewitt*, 947 S.W.2d 847, 851 (Mo.App. S.D. 1997)). Thus, West–Anderson's appeal from the default judgment, itself, is proper.

7. West–Anderson did not provide us with a copy of Mosby's motion for default judgment.

8. The legal file prepared by West–Anderson apparently does not include all documents

from the circuit court's file. But Mosby filed neither a respondent's brief nor a supplemental legal file. While we recognize that some documents relevant to this issue might be absent from the legal file before us, the docket sheets we were provided do not reflect that a Rule 55.34(b) motion was ever filed, which is consistent with West–Anderson's position on appeal. The state court docket sheets reflect that West–Anderson filed an answer to every petition that was filed in state court. Although the record before us may be incomplete regarding the federal complaint, what we do have leads us to conclude that a default judgment was improper.

not become part of the state court file.[9] And because the federal complaint was not part of the state court file, any failure to respond to it could not be the basis for entry of a default judgment.

### C. Failure to appear is not a ground for entry of a default judgment.

 The trial court determined that West–Anderson's failure to appear at the default hearing was another ground for default. This finding was also in error. "[D]efault and failure to appear are two different occurrences." *Wilson v. Wilson,* 925 S.W.2d 218, 219 (Mo.App. E.D.1996). "A party who has filed a responsive pleading is not in default even upon failure to appear in court." *Id.* "Failure to appear is not by itself sufficient grounds for taking a judgment by default." *Id.*

Because West–Anderson filed a responsive pleading in state court every time one was required, she was not in default, and the trial court's judgment to the contrary was erroneous.

Point V is granted. As this point is dispositive of West–Anderson's appeal, we need not reach the merits of her remaining points.

### Conclusion

The trial court's entry of a default judgment against West–Anderson is reversed and the cause remanded for further proceedings consistent with this opinion.

In any event, even if the federal complaint had been filed in the circuit court, an answer would be necessary only if the amended pleading raised new matters, as opposed to simply adding a party. *See Mahurin v. St. Luke's Hosp. of Kansas City,* 809 S.W.2d 418, 421 (Mo.App. W.D.1991).

9. We recognize that in *Craig v. Missouri Department of Health,* 80 S.W.3d 457, 460 (Mo. banc 2002), the Missouri Supreme Court held that "the '[f]ailure to refile a pleading after remand is not fatal to a state court ruling on the pleading.' " (quoting *Williams v. St. Joe Minerals Corp.,* 639 S.W.2d 192, 195 (Mo. App. E.D.1982)). But the Court in *Craig* noted that Rule 55.34(b) was not in effect at the time the issue arose in that case, and that the new Rule 55.34(b) "would have alleviated the confusion over which petition was before the circuit court." *Id.* at n. 20. We take this to mean that the failure to refile pleadings after remand pursuant to Rule 55.34(b) results in those documents not being part of the state court file.

CYNTHIA L. MARTIN, Presiding Judge, and THOMAS H. NEWTON, Judge, concur.