2015 OK CIV APP 70

**Dwain PELLEBON, Ph.D., Plaintiff/Appellant,**

v.

**STATE of Oklahoma ex rel. BOARD OF REGENTS OF the UNIVERSITY OF OKLAHOMA, Defendant/Appellee.**

**No. 113,185.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Aug. 6, 2015.

Scott F. Brockman, Barrett T. Bowers, Ward & Glass, L.L.P., Norman, Oklahoma, for Plaintiff/Appellant.

Shawnae E. Robey, Eric A. Moen, Gus H. Buthman, University of Oklahoma, Office of Legal Counsel, Norman, Oklahoma, for Defendant/Appellee.

JANE P. WISEMAN, Judge.

¶1 Plaintiff Dwain Pellebon appeals the trial court's orders dismissing his claims against Defendant State of Oklahoma *ex rel.* Board of Regents of the University of Oklahoma. We consider this appeal according to Supreme Court Rule 1.36, 12 O.S. Supp.2014, ch. 15, app. 1, without appellate briefing. After review, we reverse and remand for further proceedings.

### FACTS AND PROCEDURAL BACKGROUND

¶2 According to Plaintiff's petition filed December 4, 2013, he began working for University on August 16, 1995, "in a tenure track Assistant Professorship position." In 2002, Plaintiff was promoted to Associate Professor and granted tenure. Plaintiff claims, "At all times while employed by [University], [he] taught students, engaged in scholarly research, published, and performed University services" and was never "subjected to any form of discipline by [University]." In December 2011, Plaintiff claims he "was arrested by the Norman Police Department for alleged sex crimes." At the time of his arrest, "Plaintiff was on family medical leave from the University."

¶3 Plaintiff states that after University became aware of his arrest, it

used coercive tactics and contrived statements to force [his] resignation on December 19, 2011, rather than to place [him] in an alternate administrative position or to

place [him] on administrative leave pending the resolution of the criminal charges and with the knowledge that [he] maintained his innocence and had a constitutionally-protected presumption of innocence from those criminal charges.

Plaintiff states in his petition that he applied for and received unemployment benefits from University which University vigorously resisted. Plaintiff further contends that "[t]he cost of defending the criminal charges against [him] was financially devastating." In October 2013, a jury acquitted Plaintiff of all charges. Following his acquittal, Plaintiff sought reinstatement with University, but University refused to re-employ him.

¶ 4 Plaintiff brought this action against University for breach of contract asserting "a constitutionally-protected property right to his employment as a professor by virtue of Article 2, Section 7 of the Oklahoma State Constitution and the Fourteenth Amendment to the United States Constitution." Plaintiff further contends:

> [University] breached [his] employment contract ... when it failed to act in utmost good faith and to deal fairly with [him] by forcing Plaintiff to resign his position as an Associate Professor after threatening Plaintiff with a lengthy abrogation of tenure proceeding "that [University] told Plaintiff he could not win"; by stating that it would take months to conclude the abrogation proceeding, and by stating that he would be without any pay or compensation during the abrogation process. These actions were taken with knowledge that Plaintiff needed all of his financial resources, including his University retirement benefits, to support his family's necessary living expenses, and to finance his criminal defense in order to prove his innocence and avoid prison for the rest of his life, and thereafter, by vigorously and repeatedly resisting Plaintiff's efforts to obtain unemployment compensation and creating for Plaintiff a condition of destitution.

Plaintiff alleges that as a result of this breach of contract, he was terminated from his tenured faculty position, lost his salary and benefits, could not "engage in complete and meaningful scholarly research that would otherwise enhance his professorial career," and lost any opportunity to be promoted to "Full Professor."

¶ 5 Plaintiff also requested a declaratory judgment determining that (1) he "was not an employee at-will that could be terminated without cause," (2) he "did not voluntarily resign his faculty position and that there was no cause for his termination by [University]," (3) he was constitutionally entitled "to a pre-termination due process hearing before [University] terminated [him] without cause"; (4) Plaintiff's termination was in breach of his contract, and (5) he "is entitled to a mandatory injunction reinstating [him] to his faculty position status quo prior to termination with full pay and benefits from the date of his termination until the date of his reinstatement."

¶ 6 According to the appearance docket, University filed a "Notice to State Court of Removal to Federal Court" on the basis that Plaintiff's claims required the resolution of substantial questions of federal law.[1] The appearance docket indicates the federal district court remanded the case to state court for lack of federal court subject matter jurisdiction.

¶ 7 University then filed a motion to dismiss the "First Amended Complaint," which University refers to as the "Amended Petition," asserting lack of subject matter jurisdiction and failure to state a claim.[2] Attached as an exhibit to University's motion to dismiss is Plaintiff's "First Amended Complaint" filed in federal court which contains

---

1. "The court may review information found on Oklahoma district court appearance dockets posted on the World Wide Web, such as on www. oscn.net or www.odcr.com, or on the Oklahoma Unified Case Management System (OUCMS) in order to enhance the court's ability to inquire into and protect its jurisdiction." Supreme Court Rule 1.1(d), 12 O.S. Supp.2014, ch. 15, app. 1.

2. Although a "First Amended Complaint" was filed in the federal case, this pleading was not filed in the state case, nor was an "Amended Petition" ever filed there. The appearance docket reflects that the only petition filed in the state case was the original petition dated December 4, 2013.

identical allegations to Plaintiff's original state court petition but with all references to the United States Constitution removed. University contends the (1) "Amended Petition" is "facially insufficient to state a claim upon which relief could be granted against the University," (2) "University is entitled to all privileges and immunities afforded by the Oklahoma Governmental Tort Claims Act [GTCA]," (3) "Plaintiff does not have a viable breach of contract claim," and (4) the relief requested by Plaintiff is not permissible.

¶ 8 Plaintiff responded arguing he has adequately stated a breach of contract claim, that the GTCA does not apply because he has not asserted a tort claim against University, and University failed to cite any authority for its damages proposition.

¶ 9 The trial court granted University's motion to dismiss finding "that the Motion to Dismiss shall be sustained as requested."

¶ 10 Plaintiff filed a motion asking the trial court to reconsider its ruling dismissing his claims with prejudice arguing: "(1) Federal due process law does not apply in this matter, [and] (2) A reasonable jury could have determined that [Plaintiff's] resignation was coerced and involuntary." University filed a response urging that reconsideration was "inappropriate" and that "no misstatement of law was made." The trial court denied Plaintiff's motion to reconsider.

¶ 11 Plaintiff appeals both orders.

### STANDARD OF REVIEW

¶ 12 We review *de novo* an order dismissing a case for failure to state a claim on which relief can be granted. *Fanning v. Brown*, 2004 OK 7, ¶ 4, 85 P.3d 841. Such a review "involves consideration of whether plaintiff's petition is legally sufficient." *Id.* In "reviewing a motion to dismiss, the court must take as true all of the challenged pleading's allegations together with all reasonable inferences which may be drawn from them." *Id.* "A pleading *must not* be dismissed for failure to state a legally cognizable claim *unless* the allegations indicate *beyond any doubt* that the litigant can prove *no* set of facts which would entitle him to relief." *Fra-*

*zier v. Bryan Mem'l Hosp. Auth.*, 1989 OK 73, ¶ 13, 775 P.2d 281.

¶ 13 Plaintiff also appeals from the trial court's order denying his motion to reconsider the court's ruling dismissing his claims. "A 'motion to reconsider' does not technically exist within the statutory nomenclature of Oklahoma practice and procedure." *Smith v. City of Stillwater*, 2014 OK 42, ¶ 10, 328 P.3d 1192. "However, if timely filed, a 'motion to reconsider' may be treated as a motion for new trial under 12 O.S. § 651 (if filed within ten (10) days of the filing of the judgment, decree, or appealable order)...." *Id.* Because Plaintiff filed his motion to reconsider within 10 days of the filing of the trial court's order dismissing his claims, his motion will be treated as a motion for new trial. The standard of review for this motion is abuse of discretion. *Id.* ¶ 11. "An abuse of discretion occurs when a decision is based on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling." *Id.* In this case, "the propriety of the trial court's denial of the 'motion for reconsideration' rests on the underlying correctness of its decision to dismiss." *Id.* "The abuse of discretion question is therefore settled by our *de novo* review of the dismissal's correctness." *Id.* (footnotes omitted).

### ANALYSIS

¶ 14 We note the trial court's order fails to comply with 12 O.S.2011 § 2012(G) which provides:

On granting a motion to dismiss a claim for relief, the court shall grant leave to amend if the defect can be remedied and shall specify the time within which an amended pleading shall be filed. If the amended pleading is not filed within the time allowed, final judgment of dismissal with prejudice shall be entered on motion except in cases of excusable neglect. In such cases amendment shall be made by the party in default within a time specified by the court for filing an amended pleading. Within the time allowed by the court for filing an amended pleading, a plaintiff may voluntarily dismiss the action without prejudice.

The Oklahoma Supreme Court "has interpreted the statute as a mandatory duty placed on trial courts, as long as the defect can be remedied." *Fanning v. Brown*, 2004 OK 7, ¶ 23, 85 P.3d 841. "In order for the courts to dismiss a claim for failure to state a cause of action without giving the plaintiff the opportunity to amend, it must appear that the claim does not exist rather than the claim has been defectively stated." *Id.* In this situation, the trial court's order must "contain a statement that no amendment of the petition could cure the defects in [Plaintiff's] petition." *Id.* ¶ 24.

¶ 15 The trial court in the present case granted University's motion to dismiss stating in part: "Argument was taken as well as review of authority. The Court finds that the Motion to Dismiss shall be sustained as requested. This matter is considered the final ruling with regard to this matter."

¶ 16 As the dismissal order currently stands, it was error not to grant leave to amend or to find that no amendment of the claim could cure its defects. *Fanning*, 2004 OK 7, ¶¶ 23–24, 85 P.3d 841. The Supreme Court has interpreted this obligation in § 2012(G) to grant leave to amend "as a mandatory duty placed on trial courts, as long as the defect can be remedied." *Id.* ¶ 23. The trial court must as a general rule specify the deficiencies as to each claim which subject that claim to dismissal and either state that no amendment of the claim could cure the stated defect(s) or set a reasonable time for Plaintiff to amend in accordance with 12 O.S.2011 § 2012(G). We therefore reverse the order granting University's motion to dismiss and remand the case for further proceedings.

¶ 17 We must also, however, address the state of the pleadings in the present case after remand by the federal court. It appears that the parties and the trial court treated Plaintiff's federal "First Amended Complaint" as an "amended petition" although it has never been filed in this case. On remand from federal court after removal, the issue of the viability and effect to be given to pleadings filed in federal court is left to the state courts. 77 C.J.S. *Removal of Cases* § 180 (2015)("As a general rule, the state court determines the effect of pleadings filed and proceedings taken in the federal court."); *see also Ayres v. Wiswall*, 112 U.S. 187, 190–91, 5 S.Ct. 90, 92, 28 L.Ed. 693 (1884)("It will be for the state court, when the case gets back there, to determine what shall be done with pleadings filed and testimony taken during the pendency of the suit in the other jurisdiction."). Some state courts "have given effect to pleadings filed in federal court prior to a remand to state court." *See Banks v. Allstate Indem. Co.*, 143 Ohio App.3d 97, 757 N.E.2d 776, 778 (2001)(holding "a party need not refile documents in the court of common pleas after a case is remanded from federal court so long as that party makes the trial court aware of the filing's existence and, if challenged, shows proof of service on the other party at the time the document was filed in federal court"); *see also New Hampshire v. Hess Corp.*, 159 N.H. 256, 982 A.2d 388, 393–95 (2009)(giving effect to the first amended complaint filed in federal court before remand to state court and holding "the trial court did not err when it concluded that the first amended complaint remained viable after remand").

¶ 18 On the other hand, the Missouri Court of Appeals in *Mosby v. West–Anderson*, 363 S.W.3d 397 (Mo.Ct.App.2012) held "that it was error to enter a default judgment based on the failure to file a responsive pleading to the federal complaint because the federal complaint was not part of the state court file." *Id.* at 400. In support of this conclusion, the appellate court cited Missouri Supreme Court Rule 55.34(b), concluding as follows:

Rule 55.34(b) requires that if a case is remanded to a court of this state following removal to a federal court, "[w]ithin thirty days after the date of the order of remand, the plaintiff shall file a list of all documents filed in the federal court that are to be made a part of the state court file and shall provide a copy of each such document to the court." The record does not reflect that Mosby complied with this requirement. Thus, the federal complaint did not become part of the state court file. And because the federal complaint was not part

of the state court file, any failure to respond to it could not be the basis for entry of a default judgment.

*Id.* at 400–01 (footnotes omitted).

 ¶ 19 To avoid any confusion or question regarding what federal documents have become incorporated into the state court file, we conclude, as Missouri has, that the better practice is to require Plaintiff to file a list of all documents filed in federal court that are to be made a part of the state court file and to provide a copy of each document to the court for filing in the state court case. Because we reverse the order of dismissal and remand for further proceedings, Plaintiff is given 20 days after remand on appeal to file such a list and provide the listed documents for filing in this action. If Plaintiff does not incorporate the "First Amended Complaint" from the federal case, the case will proceed pursuant to Plaintiff's initial state court petition or to an amended petition, if allowed by the trial court.

¶ 20 After *de novo* review, we reverse the order of dismissal and consequently reverse the denial of Plaintiff's motion to reconsider, and remand the case for further proceedings in accordance with this Opinion.

## CONCLUSION

¶ 21 For the reasons stated, the trial court's orders granting University's motion to dismiss and denying Plaintiff's motion to reconsider are reversed and the case remanded for further proceedings. Based on this conclusion, we will not address any remaining arguments on appeal.

¶ 22 **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

FISCHER, P.J., concurs, and GOODMAN, V.C.J., concurs in result.