

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| **ERIC S. CLARK,** | ) | |
| | ) | |
| **Apellant,** | ) | **WD85589** |
| | ) | |
| **v.** | ) | **OPINION FILED:** |
| | ) | **February 7, 2023** |
| **BRIDGETTE SHAFFER, ET AL.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**Appeal from the Circuit Court of Jackson County, Missouri**
The Honorable Jennifer Marie Phillips, Judge

Before Division Four:  Gary D. Witt, Chief Judge, Presiding, Mark D. Pfeiffer, Judge and
Thomas N. Chapman, Judge

Appellant Eric Clark ("Clark") appeals the judgment of the Circuit Court of Jackson

County, Missouri ("trial court"), granting the motion to dismiss filed by Respondents

Bridgette Shaffer, in her official capacity as Director of the Jackson County Health

Department, and Darryl Forte, in his official capacity as the Jackson County Sheriff

(collectively, "Shaffer").  Clark raises three points on appeal:  (1) the trial court erred in

denying leave to amend the petition in violation of Rule 55.33(a);[1] (2) the trial court erred

---

[1] All rule references are to Missouri Court Rules (2022), unless otherwise indicated.

in dismissing the case because it is improper to dismiss with prejudice without reaching the merits, and it is improper to dismiss because the dismissal was based on a document that was not made part of the state court file under Rule 55.34(b); and (3) the trial court erred in denying the post-judgment motion for leave to amend the petition in violation of Rule 67.06.  Finding no error, we affirm.

### Factual and Procedural Background

Clark filed a petition in the circuit court of Jackson County on August 12, 2020, ("Original Petition") challenging two Missouri statutes, section 192.300[2] and section 192.320, and an Executive Order ("Health Order") issued by the Jackson County Health Department pursuant to those statutes that required individuals to wear masks in certain public places in response to the COVID-19 pandemic.  In the Original Petition, Clark alleged that the relevant statutes and Health Order:  violated his rights to freedom of speech and peaceable assembly, for which Shaffer was liable under 42 U.S.C. section 1983; violated his rights to freedom of speech and peaceable assembly under article IV, sections 8 and 9 of the Missouri Constitution; violated a liberty interest to enjoy a republican form of government under article IV of the United States Constitution; violated his fundamental right to make his own health decisions under the Ninth Amendment to the United States Constitution; violated a liberty interest in refusing medical treatment under the Fourteenth Amendment to the United States Constitution; and violated a liberty interest concerning his right to marry under the Fourteenth Amendment to the United States Constitution.

---

[2] All statutory references are to Revised Statutes of Missouri (2016), as currently updated by supplement, unless otherwise indicated.

2

Clark's prayer for relief requested that the trial court declare section 192.300 to be unconstitutional, enter an injunction prohibiting Shaffer from enforcing the Health Order, and award attorney fees. In the Original Petition, Clark stated, "This case presents a matter of public importance and is capable of repetition while escaping judicial review because the unconstitutional power in this matter may be exercised for only days, or even hours or minutes, at a given time and then halted."

Shaffer filed a notice of removal because the Original Petition alleged violations of federal law, and the case was removed to the United States District Court for the Western District of Missouri. Clark filed a First Amended Petition in federal court, which amended the cause of action to only allege violations of freedom of speech and peaceable assembly under the United States Constitution and Missouri Constitution, and violations of equal protection under the United States Constitution. Clark's prayer for relief was identical to the Original Petition. While the case was pending in federal court, Jackson County rescinded the Health Order. Shaffer filed a motion to dismiss, which was granted by Judge Greg Kays of the federal district court on August 18, 2021, because the termination of the Health Order rendered the case moot. Clark appealed the district court's judgment to the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit affirmed the dismissal based on mootness following the Health Order's termination, thus finding the federal court lacked subject matter jurisdiction. *Clark v. Forte*, No. 21-3208, 2022 WL 620553, *1 (8th Cir. 2022). The Eighth Circuit ordered the district court to remand the case to state court finding that when a federal court's subject-matter jurisdiction is lacking

3

in a case that has been removed from state court, the proper remedy is to remand the case back to the state court where it originated. *Id.*

After the case was remanded to the state trial court, Clark filed a motion for leave to file an amended petition. In the proposed amended petition, Clark only alleged that the relevant statutes and Health Order violated his right to freedom of speech under the Missouri Constitution. In Clark's proposed prayer for relief, he requested that the trial court declare section 192.300 unconstitutional, and he requested nominal damages for violation of his freedom of speech under the Missouri Constitution. The trial court denied Clark's motion for leave to file an amended petition. Shaffer filed a motion to dismiss because the case was moot and because the First Amended Petition failed to state a claim. The trial court granted Shaffer's motion to dismiss and, in its order, stated, "[B]ased upon the pleadings and arguments, judgment is rendered, and the same is entered in favor of Defendant Shaffer and Defendant Forte, and against Plaintiff. Plaintiff's First Amended Petition is dismissed with prejudice."

Following the entry of judgment, Clark filed a motion to vacate or reopen and amend the judgment, which the trial court denied. Clark then filed a motion for leave to amend the petition, pursuant to Rule 67.06. On August 3, 2022, the trial court denied Clark's post-judgment motion for leave to amend the petition. This appeal follows. Clark's first appellate brief was struck for multiple violations of Rule 84.04. Clark filed an amended brief.

*Points I & III*

Because Clark's first and third points on appeal relate to his motions for leave to amend the petition, we address them together. *See Dibrill v. Normandy Associates, Inc.*, 383 S.W.3d 77, 92 (Mo. App. E.D. 2012). Clark argues that the trial court erred in denying his motion for leave to amend the petition, pursuant to Rule 55.33(a), and the trial court erred in denying his post-judgment motion for leave to amend the petition, pursuant to Rule 67.06. "As a matter of right, a party may amend its pleading once before a responsive pleading is served, or if no responsive pleading is permitted and the action has not been placed on the trial calendar, the pleading may be amended at any time within thirty days after it has been served." *Saint Luke's Hosp. of Kan. City v. Benefit Mgmt. Consultants, Inc.*, 626 S.W.3d 731, 756 (Mo. App. W.D. 2021). "Otherwise, the pleading may be amended only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Rule 55.33(a). "Rule 67.06 provides that '[o]n sustaining a motion to dismiss a claim . . . the court shall freely grant leave to amend." *Dibrill*, 383 S.W.3d at 92. "While both rules stress liberality in permitting amendments to pleadings, they do not confer an absolute right to file even a first amended petition." *Id.*

"It is within the trial court's broad discretion to allow or disallow amendments to pleadings." *Saint Luke's Hosp. of Kan. City*, 626 S.W.3d at 756 (quoting *Newell Mach. Co., Inc. v. Pro Circuit, Inc.*, 596 S.W.3d 635, 646 (Mo. App. W.D. 2020)). We will not disturb the trial court's decision "unless the trial court obviously and palpably abused its discretion." *Smith v. City of St. Louis*, 409 S.W.3d 404, 423 (Mo. App. E.D. 2013). "A

5

trial court abuses its discretion when the ruling is clearly against the logic of the circumstances and is so unreasonable and arbitrary that the ruling shocks the sense of justice and indicates a lack of careful, deliberate consideration." *Saint Luke's Hosp. of Kan. City*, 626 S.W.3d at 756 (internal quotations omitted).

On appeal from a denial of a motion for leave to amend under Rules 55.33(a) and 67.06, appellate courts consider: (1) the hardship to the moving party that a denial would cause; (2) the reasons for the moving party's failure to include the matter in the original pleadings; (3) the timeliness of the application for leave to amend; and (4) the hardship or injustice that granting leave to amend would cause to the non-moving party. *Saint Luke's Hosp. of Kan. City*, 626 S.W.3d at 756. "The purpose of the amendment rule is 'to enable a party to present evidence that was overlooked or unknown at the time that the original pleading was filed.'" *Id.* at 757 (quoting *Eckel v. Eckel*, 540 S.W.3d 576, 488 (Mo. App. W.D. 2018)). "There is no abuse of discretion in denying the amended pleadings of parties who fail to show the pleadings include any facts that were unknown when the original pleading was filed." *Id.*; *see also Dibrill*, 383 S.W.3d at 92. "Our liberal amendment rules are not meant to be employed as a stratagem of litigation . . . after previous contentions failed." *Moore v. Armed Forces Bank, N.A.*, 534 S.W.3d 323, 328 (Mo. App. W.D. 2017).

Here, the trial court did not abuse its discretion in denying Clark's motion for leave to amend the petition over two years into the litigation and following a transfer to federal court, appeal to the Eighth Circuit, and remand to the state court. Clark's proposed amended petitions added a request for nominal damages, which, according to Clark, was included to circumvent the mootness issue, pursuant to *Uzuegbunam v. Preczewski*, 141

6

S.Ct. 792 (2021). In *Uzuegbunam*, the United States Supreme Court held that a prayer for nominal damages alone suffices to meet the redressability prong of Article III's standing requirements when the violation of a legal right is alleged. *Id.* at 802. Clark's Original Petition and First Amended Petition lacked a request for nominal damages, and the Eighth Circuit affirmed the dismissal of the case in federal court after the Health Order was terminated by Jackson County because "Clark is no longer subject to the challenged requirements, and there is no reasonable expectation that he will be subject to the same requirements again." *Clark v. Forte*, No. 21-3208, 2022 WL 620553, *1 (8th Cir. 2022).

Clark argues that his previous petitions did not include a request for nominal damages because he could not have known that the Health Order would be rescinded. Therefore, according to Clark, the prospect of the case becoming moot was unknown to him at the time he first filed the Original Petition. We disagree. Clark knew that the Health Order could be terminated at any time. Both the Original Petition and the First Amended Petition state, "This case presents a matter of public importance and is capable of repetition while escaping judicial review because *the unconstitutional power in this matter may be exercised for only days, or even hours or minutes, at a given time and then halted.*" (Emphasis added). Moreover, it was reasonable and foreseeable, given the emergency nature of the Health Order in response to the COVID-19 pandemic, that Jackson County would amend or terminate its health orders over the course of the pandemic. Clark's proposed amended petition does not allege any facts that were unknown at the time of the original pleading, and his proposed petition adding a request for nominal damages is merely a stratagem for litigation. There is no reason why Clark could not have included a

7

request for nominal damages in the Original Petition or First Amended Petition. This factor alone suffices to affirm the judgment of the trial court denying Clark's motions for leave to amend as lacking an abuse of discretion. *See Moore*, 534 S.W.3d at 329 (affirming the trial court's judgment denying motion for leave to amend solely because plaintiff did not present facts or circumstances that could not have been raised earlier). Accordingly, finding no obvious or palpable abuse of discretion, the trial court did not err in denying Clark's motions for leave to file an amended petition.

Points I and III are denied.

### Point II: Motion to Dismiss

Clark argues the trial court erred in granting Shaffer's motion to dismiss because it is improper to dismiss with prejudice without reaching the merits, and it is improper to dismiss based on a document that was not made part of the state court file under Rule 55.34(b). "A judgment sustaining a motion to dismiss for failure to state a claim upon which relief can be granted is reviewed de novo." *Clay Cty. Comm'n v. Galloway*, 615 S.W.3d 856, 859 (Mo. App. W.D. 2020). However, we review a trial court's dismissal of a petition with prejudice for an abuse of discretion. *Williams v. City of Kan. City*, 841 S.W.2d 193, 198 (Mo. App. W.D. 1992). A trial court abuses its discretion "when the trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to show a lack of careful consideration and shock the sense of justice." *Smith v. Stewart*, 644 S.W.3d 5, 13 (Mo. App. E.D. 2022). "In reviewing a dismissal for failure to state a claim for relief, the appeals court should affirm the lower

court if the dismissal is supported by any ground, whether or not the trial court relied on that ground." *Clay Cty. Comm'n*, 615 S.W.3d at 859.

Clark's second point contains more than one distinct claim of error in violation of Rule 84.04, in that he alleges multiple claims of trial court error regarding the dismissal of his claim in a single point relied on. Rule 84.04(d) requires separate points to challenge separate rulings or actions. *Lexow v. Boeing Co.*, 643 S.W.3d 501, 505-06 (Mo. banc 2022). "Consolidating multiple independent claims into a point is not permitted." *Id.* (internal quotations omitted). "Multifarious points preserve nothing for review." *Guglielmino v. Jackson Cty.*, 609 S.W.3d 852, 856 (Mo. App. W.D. 2020). Although Clark appears *pro se*, he "is subject to the same procedural rules as parties represented by counsel, including the rules specifying the required contents of appellate briefs." *Hoover v. Hoover*, 581 S.W.3d 638, 640 (Mo. App. W.D. 2019). Here, Clark's first appellate brief was stricken for multiple violations of Rule 84.04. Dismissal of an appellant's brief is particularly appropriate where, as is the case here, "appellant makes no effort to correct the deficient points in his amended brief, even after being put on notice that they were inadequate." *Brown v. Brown*, 645 S.W.3d 75, 81 (Mo. App. W.D. 2022). "However, because we prefer to decide cases on the merits, we elect *ex gratia* to address the distinct claims raised in the point." *Conway v. Caldwell*, 645 S.W.3d 550, 557 (Mo. App. W.D. 2022).

Clark argues the trial court erred in dismissing the First Amended Petition because the First Amended Petition was not included in the state court file on remand. Rule 55.34(b) provides:

9

Within thirty days after the date of the order of remand, the plaintiff shall file a list of all documents filed in the federal court that are to be made a part of the state court file and shall provide a copy of each such document to the court. Within forty days after the date of the order of remand, any other party shall file a list of any other documents filed in the federal court that are to be made a part of the state court file and shall provide a copy of each such document to the court.

Clark argues that because neither he nor Shaffer filed a list of all documents that included the First Amended Petition in the state court following remand pursuant to Rule 55.34(b), the First Amended Petition was never part of the state court file, and the trial court could not have relied on it to grant Shaffer's motion to dismiss. We disagree. "The state court receives the case on remand from federal court removal in the posture it is when remanded." *Craig v. Mo. Dep't of Health*, 80 S.W.3d 457, 460 (Mo. banc 2002) (quoting *Williams v. St. Joe Minerals Corp.*, 639 S.W.2d 192, 195 (Mo. App. 1982)). Here, "[s]ince the case, when remanded, was governed by the [First Amended Petition], that complaint was properly before the state trial court." *Id.* Clark argues that the trial court and now this Court should ignore the First Amended Petition that he himself filed in federal court because he failed to comply with Rule 55.34(b) and make that petition a part of the state court record following remand. It is clear that the parties understood the First Amended Petition to be the operative petition and that the trial court considered the First Amended Petition when it granted Shaffer's motion to dismiss.

Clark argues that this Court's ruling in *Mosby v. West-Anderson*, 363 S.W.3d 397 (Mo. App. W.D. 2012) supports the notion that documents from federal court do not become part of the state court file if the parties do not comply with Rule 55.34(b). *Mosby's* holding is not as broad as Clark argues. In *Mosby*, we held that a default judgment in state

10

court could not be entered based on the failure to file a responsive pleading to a federal complaint, where the federal complaint did not become part of the state court file. *Id.* at 400-401. Subsequent Missouri cases applying *Mosby* have been limited to similar situations involving default judgments. *See, e.g., Williams v. Zellers*, 611 S.W.3d 357, 363 (Mo. App. E.D. 2020). Conversely, where the parties understand the operative pleading, as is the case here because Clark filed the First Amended Petition himself, our Supreme Court has held that "[f]ailure to refile a pleading after remand is not fatal to a state court ruling on the pleading." *Craig*, 80 S.W.3d at 460. Accordingly, Clark's argument that the trial court could not consider the First Amended Petition fails.

Clark's next argument in his second point relied on states that the trial court erred in dismissing the case with prejudice because it is improper to dismiss with prejudice without adjudicating the merits of the claim. "If a court disposes of a case on the grounds of standing, ripeness, or mootness, it cannot reach the merits." *Mo. State Conference of Nat'l Ass'n for the Advancement of Colored People v. State*, 633 S.W.3d 843, 848 (Mo. App. W.D. 2021). "If a trial court dismisses a petition due to lack of standing, the dismissal should be 'without prejudice.'" *Id.* However, "[a] dismissal with prejudice operates as an adjudication upon the merits." *Id.* "When a trial court concludes that pleadings do not state a cause of action, and when adequate opportunity to amend has been provided, it is not [clear] error for the trial court to dismiss with prejudice." *Williams*, 841 S.W.2d at 198. "[W]e are entitled to affirm the judgment of the trial court on any ground supported by the record." *Public Commc'ns Servs., Inc. v. Simmons*, 409 S.W.3d 538, 552 (Mo. App. W.D. 2013) (internal quotation omitted).

11

Here, Shaffer's motion to dismiss asserted two grounds for dismissal: mootness and failure to state claim. The trial court's judgment did not specify upon which ground it dismissed the case; however the judgment states that the First Amended Petition was dismissed "with prejudice." Because "we presume the trial court knows and applies the law[,]" *Bramer v. Abston*, 553 S.W.3d 872, 879 (Mo. App. S.D. 2018), we presume that the trial court dismissed the First Amended Petition because it failed to state a claim, because a finding of mootness alone would have resulted in a dismissal "without prejudice." To be sure, the trial court's judgment stated that the dismissal was based "upon the pleadings and arguments[,]" which included arguments regarding both mootness and the failure to state a claim. Clark had previously amended his petition, had litigated that petition through multiple courts over a period of over two years, and had ample opportunity to present his argument to the trial court; therefore, it was not an abuse of discretion for the trial court to dismiss the First Amended Petition with prejudice for failure to state a claim. *Compare Smith*, 644 S.W.3d at 13 (reversing dismissal with prejudice because, under the circumstances, plaintiff had only filed their original petition, plaintiff's attorney had just withdrawn, and defendant's motion did not request a dismissal with prejudice, among other factors considered by the court).

Clark presents numerous additional arguments within his appellate brief challenging the merits of the trial court's judgment dismissing the action with prejudice. However, none of these arguments was properly raised in a point relied on in compliance with Rule 84.04. The portion of the multifarious point relied on addressing this simply states, "The trial court erred by improper dismissing [sic] the case because it is improper to dismiss

12

with prejudice without reaching the merits[.]"  To the extent Clark wishes to argue specific errors of the trial court regarding the substance of his First Amended Petition, he has waived those arguments by not presenting them in a proper point relied on.  "Our courts adhere[] to the well-entrenched doctrine that the questions for decision on appeal are those stated in the points relied on, and a question not there presented will be considered abandoned." *KDW Staffing, LLC v. Grove Construction, LLC*, 584 S.W.3d 833, 837 (Mo. App. W.D. 2019) (internal quotations and alterations omitted); Rule 84.04(d)(1). Therefore, based on Clark's brief, we cannot and will not speculate or attempt to analyze each possible ground that the trial court may have possibly considered in dismissing Clark's First Amended Petition with prejudice.

Point denied.

### Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
Gary D. Witt, Judge

All concur

13